Perselly *v.* Bacon.

Perselly, Appellant, *vs.* Bacon, Respondent.

1. The words " you swore to a lie before the grand jury" held actionable.

*Appeal from Polk Circuit Court.*

Action for slander. The petition stated in substance that the defendant charged the plaintiff with " swearing to a lie before the grand jury," and that this charge was made in allusion to the testimony given by plaintiff before the grand jury while investigating a charge of open lewdness and lascivious behavior against a slave. A demurrer to the petition was sustained by the Circuit Court.

*F. P. Wright,* for appellant. 1. The words are actionable in themselves. They import a charge of false swearing in a judicial proceeding, and before a tribunal competent to administer an oath. (7 B. Monroe, 475. 2 Conn. Rep. 40. 2 Serg. & Raw. 469.) If the words are actionable *per se,* the defendant is liable, even though they were used in reference to an extra-judicial oath. (3 Penn. & Watts, 103. 10 Serg. & Raw. 47.) 2. But the grand jury had authority to administer the oath. Even if they cannot indict a slave for a misdemeanor, it is their duty to inquire into all violations of law in their

county and make presentments. (See R. C. 1825, tit. Slaves, §36, 37. *Ward* v. *The State*, 2 Mo. Rep.)

*W. H. Otter* and *S. A. Bennett*, for respondent. The words alleged to have been used by defendant do not necessarily imply a charge of perjury, and the *colloquium*, instead of showing that they did, shows that they did not amount to such a charge. Grand juries have no cognizance of misdemeanors when committed by slaves, and so the oath under which plaintiff was charged to have sworn falsely, was one which the grand jury was not authorized to administer. (R. C. 1845, tit. Crimes and Punishments, art. 9, secs. 27, 28 ; tit. Practice and Proceedings in Criminal Cases, art. 3, sec. 4. *Mahan* v. *Berry*, 5 Mo. Rep. 21. 20 J. R. 344, and cases cited. 2 J. R. 10.

RYLAND, Judge, delivered the opinion of the court.

This is an action of slander. The words charged as spoken by the defendant are, in part, as follows : " You, (said plaintiff meaning,) swore a lie before the grand jury. " You, (plaintiff meaning,) swore a lie before the grand jury, and I can prove it." " He, (said plaintiff meaning,) swore a lie before the grand jury, and I can prove it." The defendant demurred to the petition ; the court sustained the demurrer, and rendered judgment for the defendant.

The plaintiff brings the case here by writ of error ; and the only question before us is, whether the words in the petition are actionable of themselves or not. I have disregarded all the inducement in the petition, about there being a certain matter depending before the grand jury, of and concerning a certain charge against a certain negro slave ; whether said slave had been guilty of open, gross lewdness and lascivious behavior ; and that the plaintiff was sworn as a witness before said grand jury concerning said offence, against said negro slave, and had given evidence before said grand jury on said matter ; and that said offence was properly cognizable before said grand jury, and that these words were spoken of and concerning the plain-

tiff, and of his being a witness before said grand jury, and of and concerning his evidence given before said grand jury, in the prosecution of said offence against said negro slave. For reasons which I shall hereafter mention, I put out of the case this colloquium—reject it as surplusage; it does no good, and should do no harm, and I will notice only the charge "of swearing to a lie before the grand jury."

By our statute law, the foreman of a grand jury has the right and authority to swear witnesses, and the grand jury the right to examine witnesses under oath. The oath of a witness then, before a grand jury, is a lawful oath. "Every person who shall wilfully and corruptly swear, testify, or affirm falsely to any material matter, upon any oath or affirmation, or declaration, legally administered in any cause, matter or proceeding before any court, tribunal or public body or officer, shall be deemed guilty of perjury." (R. C. 1845, tit. Crimes and Punishments, art. 5, sec. 1, p. 377.)

The grand jury is a public body, empowered by law to administer oaths to witnesses, and then empowered by law to examine witnesses and to require witnesses to testify before them. To charge a person with swearing falsely before a grand jury is then, in our opinion, actionable, without laying special damages. The words in this declaration we consider actionable in themselves. "You," meaning the plaintiff, "swore a lie before the grand jury." "He," meaning the plaintiff, "swore a lie before the grand jury, and I can prove it." Chief Justice Swift, in *Chapman* v. *Gillet*, (2 Conn. Rep. 45,) said: "It is a first principle, founded in the nature and fitness of things, that swearing falsely, when under an oath lawfully administered, is a crime. At first, perjury was confined to false swearing in a court of record; it was then extended to courts not of record." Smith, J., in the same case, said: "Upon principles of common law, perjury may be committed before any tribunal in which an oath may be lawfully administered; for, where the law will sanction an oath, it will not refuse its aid to punish a wilful and corrupt violation of it. To constitute

perjury, there must be the violation of a lawful oath, taken before a competent jurisdiction. If the oath may not be administered, it is a transaction which no court can recognize; but if the oath may lawfully be given, the law will regard it, and not suffer it to be violated with impunity." "An oath," says Lord Coke, (3 Inst. 165,) "is an affirmation or denial of any thing lawful and honest, before one or more, that have the authority to give the same for the advancement of truth and right. The same cannot be administered to any, unless the same be allowed by the common law, or by some act of parliament." "The law takes no notice of any perjury," says Blackstone, "but such as is committed in some court of justice having power to administer an oath, or before some magistrate or proper officer invested with a similar authority. It esteems all other oaths unnecessary at least, and therefore will not punish the breach of them." (4 Black. Com. 137.) Hawkins observes: "that all such false oaths as are taken before those who are any ways intrusted with the administration of public justice, in relation to any matter before them in debate, or that are taken before persons authorized by the King to examine witnesses in relation to any matter whatsoever, wherein his honor or interest are concerned, are also punishable as perjuries. Therefore, it hath been holden that, not only such persons are indictable for perjury who take a false oath in a court of record, but also those who forswear themselves in a matter judicially depending before any court of equity, spiritual court, or any other lawful court." (1 Haw. Pleas. Cro. 172, 173.) "The principle to be extracted," (says Hosmer, J., in the same case from Conn. Rep., (*Chapman* v. *Gillet*,) after citing the authorities which I have quoted above,) "from the authorities cited, is obviously this; that all oaths taken by witnesses before acknowledged authority, which are necessary, and concern the honor or interest of the state, the law recognizes, and if violated, will punish. This is the true spirit of the common law, founded, as it is, on private justice and public convenience." In the case of *Ramey* v. *Thornberry*, reported in 7 B. Monroe's Rep. 475,

22—VOL. XX.

the Court of Appeals of Kentucky held that the words, "Ramey swore a lie in the Pike Circuit Court, on the trial of the Commonwealth against Davidson Mays," were actionable in themselves. The court observed : " To charge a person, in general terms, with having sworn a lie, or having sworn falsely, is certainly not actionable. But here, the words very clearly import a charge of false swearing in a judicial proceeding, and before a tribunal competent to administer an oath."

Apply this doctrine to the case at bar, and it will be seen that the words here spoken are equally actionable of themselves. It was before a grand jury ; a competent body to administer oaths, and before which, a false oath may be perjury by the statute law. In *Ceely* v. *Hoskins*, (Croke Charles, 509,) the words were : " Thou art forsworn in a court of record, and that I will prove." After verdict for the plaintiff, the judgment was arrested, the Common Pleas holding the words not actionable. But the King's Bench reversed the judgment of the Common Pleas, and the plaintiff recovered. The court held, clearly, that the action well lay ; " and it shall be intended that he spake these words maliciously, accusing him of perjury, and for a false oath, taken judicially, upon judicial proceedings, in a court of record, and shall be understood according to the common speech and usual intendment."

In *Fowle* v. *Robbins*, the words were : " You swore false at the trial of your brother, John." The declaration charged the words, without any averment that the words were spoken concerning the testimony given by plaintiff at the trial referred to. These words were held actionable ; and the motion to arrest was overruled. (12 Mass. 498.) In this case, Jackson, J., said : " It is not necessary that the defendant should have used technical language, and have stated his charges against the plaintiff with the accuracy that would be required in an indictment. If the words can be understood only as conveying a criminal charge, and would be so understood by those who heard them, the court cannot undertake to say that they are not actionable, although the defendant may have misappre-

hended the nature of the crime with which he has charged the plaintiff, or may have threatened him with a punishment, which the law does not inflict for such an offence. As words gradually acquire a new meaning, or as new words come into general use, the court and jury cannot profess to be ignorant of such changes; and thus there are, perhaps, many words that would now be deemed actionable, as importing a slanderous charge, which would not have been so considered in the time of Croke. A reference to ancient cases, therefore, although useful to ascertain the law, will not serve to fix conclusively the construction of the words, nor the sense in which they were uttered by the defendant, and understood by the hearers. * * * The word, " forsworn," if not further explained at the time, might not necessarily convey the meaning of perjury; but, " forsworn at the trial of A. B." would convey no other meaning to any man in the community, and the court is bound to understand the words according to their general use and acceptation."

To say, " Thou wert forsworn at such a trial," with reference to a trial where the offence of perjury might have been. committed, is actionable.

Where reference is made to a particular court, the imputation is actionable, if perjury could have been committed: there. In such a case, however, it is incumbent on the plaintiff to show that the perjury could have been committed. To say, " Thou wert forsworn before my Lord Chief Justice in evidence," is actionable. (Starkie on Slander, p. 51–2–3.) The defendant said : " Thou art a forsworn knave." The plaintiff asked, " Where ?" The defendant replied, " In the Ilston Court." These words were held actionable — the court alluded to being a Court Leet, where the offence of perjury might have been committed. (*Marshall* v. *Dean,* Croke Eliz. 720.) All the court here held, (says the reporter;). that the action well lay : " For this action is given by reason of the discredit of such words amongst the neighbors."

There cannot be a doubt of the fact, that perjury may, by our law, be committed by a witness before the grand jury. Then,.

applying the principles extracted from the various authorities cited, and it becomes manifest that the words charged in this case are actionable *per se*.

A grand jury is a lawful body, empowered to hear and investigate charges of a criminal nature against persons within their proper county. A grand jury has the power to examine witnesses; to compel witnesses to testify before them. The foreman of the grand jury can administer the oath to a witness. The statute law makes false swearing before such a body perjury. Then, to charge that a person swore a lie before the grand jury, is actionable, without any inducement. Every person in the community, who hears such a charge against another person, understands, at once, that the person accused has been charged with the crime of perjury. No inuendo is necessary to explain such a charge; it is understood in the community, and is actionable, because of the " discredit of such words amongst the neighbors." The defamation of character *is one of* the true grounds on which this action ought always to have been put, and not the liability to a prosecution for the charge or alleged imputation alone be considered the real ground. Who now would pretend to adhere to the old doctrine of *Snag v. Gee*, (4 Coke, 16.) To accuse a man of murder, is not actionable, if the man supposed to have been murdered is alive. If the charge is beyond controversy false, it is not actionable; but if the alleged murdered man happen to be dead, or absent, so that he cannot be produced or found, then the *charge is a* slander, and actionable; because then the accused may be prosecuted for the murder—placing out of the question every injury to character, and sustaining the action alone on the ground of a liability to a criminal proceeding. In *Smith* v. *Williams*, (Carth. Rep. 247,) the slanderous words were: " He confessed that he was the man who robbed the Hockley butcher." The counsel moved in arrest of judgment, that it did not appear that there was any Hockley butcher, and cited *Snag* v. *Gee*, that action does not lie for these words: " Thou hast killed or murdered A. B.," without averment that

he is dead. But Holt, Chief Justice, scouted at this, and directed judgment, exclaiming, "the fault is the greater, and it is a double crime." (See *Eckhart* v. *Wilson*, 10 Serg. & Rawle, 50.) In *Rivers* v. *Lite*, upon error from the Common Pleas, it was held actionable to say of the plaintiff, "You did shut up my sister and murder her, and I will prove it," notwithstanding a long string of old cases were cited to the contrary, and the judgment was affirmed.

Now I will notice why I rejected the colloquium, or inducement in this action. These words being actionable in themselves, did not need a colloquium. None was necessary, and the charge being made without the defendant using the reference to the particular matter before the grand jury himself, the slanderous words stand alone, not interwoven with the prosecution against the negro before the grand jury. All that is said, then, about the pendency of this matter about the negro, may be rejected as surplusage. In the language of Chief Justice Gibson : "Words which impute a crime are actionable, not more because they expose the party charged to the danger of being convicted, than of being prosecuted, which, even to the innocent, is a grievance ; and in every instance, where the meaning of what would otherwise have been an unambiguous accusation, has been controlled by circumstances which showed it to be groundless, and thus rendered it harmless ; the controlling circumstances were so mingled with the accusation by the accuser himself, as to make the poison carry its antidote along with it. The decisions by which the doctrine of repugnancy was formerly carried to an extravagant length, have ceased to be precedents, and the rule now seems to be that, if the charge be not palpably unfounded on the face of it, the risk of a prosecution which it induces shall be compensated in damages. But it has been said that, whatever may be the right of action in the abstract, yet it appears by the plaintiff's own showing in the pleadings, that the oath to which the publication had reference, was not the subject of perjury. Were it, indeed, laid that the defendant himself had so described it in the offensive publica-

tion, the plaintiff would have shown himself to be without a cause of action. He has, however, set out the publication exactly as it was made, having stated as matter of inducement, the nature of the affidavit to which it relates ; but this matter of inducement may be struck out of the declaration, without prejudice to the cause of action, which is fully stated without it." (*Deford* v. *Miller*, 3 Penrose & Watts' Penn. Rep. 103.) Applying the principle of this case, and I fully concur in its correctness, and all that part of the plaintiff's petition which is laid as inducement to the speaking of the slanderous words may be stricken out without prejudice to the petition. Upon the case, then, when we compare it with the authorities and the general principles governing such actions, we are satisfied that, to charge a person with "swearing to a lie before the grand jury," is actionable in itself, and needs no colloquium or inducement. Striking out, therefore, the inducement here, there is a plain charge against the plaintiff, actionable in itself, for which he has a right to ask for damages. The demurrer, therefore, ought to have been overruled. The judgment below is reversed, and the cause remanded ; Judge Scott concurring.