McManus, Plaintiff in Error, v. Jackson, Defendant in Error.

1. Where the slanderous words charged in a petition are not actionable in themselves, it is necessary to set forth, by way of inducement, those extrinsic facts and circumstances which make them actionable.
2. It is not actionable to charge a person with swearing a lie unless it is shown by proper averments that the plaintiff was sworn as a witness in a judicial proceeding, and that the speaking of the offensive words had reference to such proceeding.
3. It is not actionable to charge a person with giving a free pass to a negro, unless it be averred that the negro referred to was a slave; nor, if it be averred that the negro referred to was a slave, would such words be actionable unless it be also averred that the negro did not belong to plaintiff.

*Error to Bates Circuit Court.*

This was an action to recover damages for slanderous words spoken of the plaintiff.   The petition contains three counts.   The first count states that at a certain specified time the plaintiff was road overseer; that as such he notified the hands in his district to work the roads; that among the persons so notified were persons in the employ of the defendant; that the latter refused and failed to work on the road as the law directs; that the plaintiff returned a list of the persons so refusing to a justice of the peace to be dealt with according to law; that it became and was material for said justice to inquire whether said hands had any lawful excuse for fail-

ing and refusing to work said road; that the defendant in the hearing, &c., "of and concerning the character of plaintiff, and of and concerning the supposed oath of plaintiff on this said trial and litigation before said Justice Lewis Speece aforesaid, maliciously spoke and published of and concerning plaintiff, and of and and concerning the supposed oath of plaintiff, the following false, slanderous and defamatory words following, to-wit: 'he (meaning plaintiff) swore a lie'—'Lawrence McManus (meaning plaintiff) had sworn a lie'—&c., &c., then and there and thereby meaning, and was so understood by the citizens, to charge plaintiff with the crime of perjury," &c.

The slanderous words charged in the second count are: "he (meaning plaintiff) once gave a negro a free pass"—"I wonder if he is not the same man who once gave a negro a free pass." It was not averred that the negro was a slave. In the third count the words charged are similar to those charged in the second, and the negro referred to is averred to have been a slave, but it is not averred that he did not belong to the plaintiff.

The court sustained a demurrer to the petition.

*Freeman* and *Wright*, for appellant.

I. In actions of slander the general criterion as to whether words are actionable in themselves is, that the words alleged to have been spoken, if true, would subject the party charged therewith to a criminal prosecution and for which corporal punishment might be inflicted. (26 Mo. 160.) But this is not an infallible rule; thus, to charge a person with a felony barred by the statute of limitations, or with an offence committed beyond the limits of this state, would be actionable, although in neither case could the party charged be punished in this state, and in the former in no state or place. (Johnson v. Jackson, 25 Mo. 583.) By our statute any voluntary corrupt oath taken before any officer authorized to administer oaths is indictable and the punishment corporal and disgraceful. (R. C. 1855, p. 600, § 4.) The words as

charged in the petition are actionable in themselves, for, if true, they would subject the plaintiff to a criminal prosecution and ignominious as well as corporal punishment. (5 Johns. 188; 13 Johns. 124, 274; 6 Wend. 76; 8 Pick. 384–5; 20 Mo. 330—37; 8 B. Monr. 525.) The second and third counts are sufficient, and the court erred in sustaining the demurrer to these counts.

*Bryant* and *Peyton*, for defendant in error.

I. The circuit court did right in sustaining the demurrer to both the original and amended petitions, 1st, because the words of the petition as charged are not in themselves actionable unless made so by such averments as would show that the crime imputed to plaintiff was such as, if true, would have subjected the plaintiff to a criminal prosecution; nor does the petition aver that any oath whatever had been administered to plaintiff. There was no colloquium in the petition, consequently it is bad. (See Harris v. Woody, 9 Mo. 112; Palmer v. Hunter, 8 Mo. 512; Pusely v. Bacon, 20 Mo. 330.)

The second and third counts are too vague, general and uncertain, and charge no offence distinct and liable to punishment. It has been decided by our courts, and is now the law, that an amended petition takes the place of the original one and must set forth the true cause of action; and the same decision has been made on the New York code.

RICHARDSON, Judge, delivered the opinion of the court.

When the slanderous words used in the petition are actionable of themselves, it is not necessary to make any prefatory averments as to the circumstances to which they refer; but if the words do not *per se* convey the meaning which the plaintiff would assign to them, the petition must contain a statement of the extrinsic matter necessary to show that they are actionable, and whatever is necessary to be stated for that purpose must be proved. (1 Chitty Plead. 429; 2 Greenl. Ev. § 413; 1 Stark. Ev. 460.)

It is well settled that it is not actionable to charge a per-

son with swearing a lie, unless the petition shows that the speaking of the offensive words had reference to a judicial proceeding. (Harris v. Woody, 9 Mo. 112.) The reason is that the words standing alone do not impute a crime, for a man may swear falsely without even having taken an oath in any court or before any officer authorized to administer one. Such words however may be rendered actionable, if by way of *inducement* it is set out that there had been a trial or other proceeding in which the plaintiff was sworn as a witness, and that the defendant in using the offensive words referred to such matter and intended to charge the plaintiff with the crime of perjury. The decision in Pyselly v. Bacon, 20 Mo. 330, is not in conflict with this well established rule, because, as it was held that the words in that case were actionable *per se*, a prefatory statement of extrinsic facts was unnecessary.

The plaintiff in the first count of the amended petition recognized the propriety of connecting the slanderous words with other matter to show their point, but he omitted to aver that the plaintiff had been sworn as a witness, and in that respect he failed to state a fact material to a cause of action.

The second count is defective because it is not averred that the negro was a slave, to whom the plaintiff was charged with having given a free pass; and though the third count alleges that the defendant intended to charge the plaintiff with having given a free pass to a slave, it omits to state that the slave did not belong to the plaintiff.

At common law, when it did not appear, from the words themselves, to whom they were intended to apply, it was necessary by the aid of a colloquium to show that they applied to the plaintiff. But this rule has been changed by our statute, which declares that " in an action for libel or slander, it shall not be necessary to state in the petition any extrinsic facts for the purpose of showing the application to the plaintiff of the defamatory matter out of which the cause of action arose, but it shall be sufficient to state generally that the same was published or spoken concerning the plaintiff; and

if such allegation be not controverted in the answer it shall not be necessary to prove it on the trial; in other cases it shall be necessary." (R. C. 1855, p. 1240, § 55.) That section has however a limited operation, for though it dispenses with the necessity of showing by extrinsic facts the application of the words to the plaintiff, it is still necessary when the words are not actionable, to show their meaning by proper averments in the inducement. (5 How. Pract. 174; 6 id. 99; Fry v. Bennett, 5 Sand. 54.) The demurrer was properly sustained and the judgment will be affirmed; Judge Scott concurs. Judge Napton absent.