# CASES DETERMINED

BY THE

# SUPREME COURT

OF THE

# STATE OF MISSOURI

AT THE

## OCTOBER TERM, 1896.

*(Continued from Volume 136.)*

## THE STATE v. SHREVE, *Appellant.*

### Division Two, January 19, 1897.

1. **Criminal Practice**: BIGAMY: WITNESS. On a prosecution for bigamy the woman whom defendant last married is a competent witness.

2. ———: INDICTMENT: WITNESS. The fact that an incompetent witness testified before the grand jury affords no ground for quashing the indictment.

3. ———: ———: WITNESS. The state may call a witness whose name is not indorsed on the indictment.

4. ———: BIGAMY: EVIDENCE OF MARRIAGE. A certified copy of the record of the probate court of the state of Kansas *held* admissible to prove a marriage.

*Appeal from Clinton Circuit Court.*—HON. WILLIAM S. HERNDON, Judge.

AFFIRMED.

Vol. 137 mo—1 (1)

*E. J. Smith* for appellant.

(1) Evidently defendant's motion to quash the indictment for the reasons given in the motion should have been sustained and the court erred in overruling it. Under no phase of the case could Lizzie Shreve be a witness against the defendant for the reason of the allegation in the indictment as to her being his wife. (2) When charged with bigamy a man's alleged wife can not be a witness against him. *State v. Ulrich,* 110 Mo. 350, and cases there cited. Neither is the woman of the alleged second marriage a competent witness against him until the first marriage has been *prima facie* established by other evidence, and then would be a restricted witness. 3 Greenleaf on Ev. [15 Ed.], p. 222, sec. 206. (3) Not one of the state's witnesses, ten in number, used on the trial, was indorsed on the indictment, the state in that particular totally disregarding the requirements of section 4097, Revised Statutes, 1889, as well as the duty and obligations it was under to the defendant and that spirit that should characterize its proceedings as declared by our supreme court and especially emphasized by it in the cases of *State v. Steifel,* 106 Mo. 129; *State v. Roy,* 83 Mo. 268, and other cases. (4) A motion to quash is the proper proceeding when the names of state witnesses are not indorsed on the indictment. *State v. Roy,* 83 Mo. 268; *State v. Griffin,* 87 Mo. 608. (5) The court erred in admitting as evidence the purported authenticated copy of certain records in the office of the probate court of Leavenworth county, Kansas, for the reason that it was not shown by the statutes of Kansas that the probate judge could be clerk of his own court; also for the reason that the record disparages itself by showing that the license was not returned within thirty days after the marriage as the law directs. Then again, the

court erred in admitting it for the reason that it was not authenticated as the statutes, namely, United States, section 905; page 2068, Missouri Statutes, and section 4881, same statutes. (6) The court erred in not instructing the jury as to what constitutes cohabitation under the criminal law of the state; its failure so to do constituted reversible error. Sec. 4208, R. S. 1889, subdivision 4.

*R. F. Walker*, attorney general, and *Morton Jourdan*, assistant attorney general, for the state.

(1) The indictment in this case is sufficient. It follows the language of the statute creating the offense and this is all that is necessary. Sec. 3790, R. S. 1889; *State v. Gonce*, 79 Mo. 600. (2) The court properly overruled defendant's motion to quash the indictment. Both of the wives of the defendant were competent witnesses before the grand jury, and this is true also of the trial in the circuit court, unless objection was made by the defendant, and that objection could only relate to and disqualify the first wife and under no circumstances the last, hence the last wife was competent to testify against the defendant. *State v. Ulrich*, 110 Mo. 350. (3) The indictment was properly found in Clinton county, the second marriage being solemnized without the state and defendant having brought the second wife to and continued to cohabit and to live with her in Clinton county. *State v. Fitzgerald*, 75 Mo. 571. (4) The instructions in this case fairly present the law when read together and are as favorable to the defendant as authorized under the evidence; taken with those given upon the part of the defendant they were exceedingly liberal. (5) The verdict of the jury was supported by the evidence, and is in harmony with the law declared by the court. (6) The next ob-

jection is to the admission of testimony. First, it is complained that the court erred in admitting the church record showing the marriage of the defendant to Miss DeNeau and the certificate as to their marriage. This testimony was properly admitted, and was among the facts and circumstances to be taken into consideration by the jury in ascertaining the question of defendant's guilt. *State v. Cooper*, 103 Mo. 266; *State v. Ulrich*, 110 Mo. 350. (7) It was entirely proper to show by the authenticated copy of the record of the probate court of Leavenworth county, Kansas, the marriage of this defendant to Myrtle B. Bailey. The record was properly and legally authenticated and became material, competent, and important testimony.

GANTT, P. J.—The defendant was indicted and convicted of bigamy in the circuit court of Clinton county at the May term, 1896.

The charge in the indictment is that on July 4, 1893, he was married to Bell Bailey, at Leavenworth, Kansas, by the judge of the probate court, and thereafter did abide and cohabit with said Bell Bailey from the fifth day of July, 1893, up to the finding of the indictment in said Clinton county, Missouri, and that prior to said marriage to said Bell he had intermarried with Lizzie Shreve, and said Lizzie Shreve at the time of his marriage to said Bell Bailey was still living and was then his lawful wife.

The evidence established beyond all cavil that on the twenty-third day of June, 1881, the defendant was married to Miss Lizzie Deneau, in the Catholic church at Cameron, Missouri, by Rev. Father Denny, a Catholic priest; that defendant continued to live with Miss Deneau as his wife until the year 1886, but in that year he commenced an action against her for divorce which he subsequently voluntarily dismissed. It was also

shown by a duly certified copy of the record of the probate court of Kansas that on July 4, 1893, defendant was again married to Myrtle Bell Bailey at Leavenworth, Kansas, by Lawrence Hann, probate judge, who was duly authorized to solemnize marriages by the laws of said state. This fact was also corroborated and established by the admissions of defendant. It was clearly proven that defendant and said Myrtle Bell Bailey lived and cohabited together as man and wife for several years afterward in Clinton county. It was shown that Myrtle Bell Bailey and Bell Bailey were one and the same person.

To reverse the judgment of the circuit court sentencing him to the penitentiary defendant assigns various alleged errors which will be noted.

I. The motion to quash was properly denied. Bell Bailey, the last wife, was clearly competent to testify. The exemption of the wife as a witness of necessity applies only to the lawful wife, and it was no ground for quashing the indictment that another incompetent witness also testified before the grand jury.

The fact that witnesses were sworn and testified against defendant whose names were not indorsed upon the indictment does not constitute error. Section 4097, Revised Statutes, 1889, expressly secures to the state the right to call witnesses other than those indorsed on the indictment. And while this court has invariably held that the spirit and letter of our law both concurred in requiring the names of the witnesses to be indorsed in order to enable a defendant to know by whom the charge against him is to be established, still it must often occur that new evidence is discovered, and no good reason appears why the state should be denied the right to use it. There is nothing in this record to show an abuse of this right. *State v. Steifel,* 106 Mo. 129.

II.   Error is also predicated upon the admission in evidence of the certified copy of the record of the probate court of Leavenworth county, Kansas.

This objection is utterly without merit.   The laws of Kansas which provided for a license to marry; which authorized the probate judge to perform the marriage ceremony; which provided for the return of the license to the probate judge; which provided for recording the license and return thereon; and which made certified copies of the record thereof evidence in all courts, were in evidence.   These laws are in harmony with our own and the same credit is due here to the action of the judge thus duly certified as would have been accorded the same in Kansas.   The objection was properly overruled.

The objection made here for the first time that the judge could not be *ex officio* clerk of his own court is equally unsupported by reason or authority.

III.   The demurrer to the evidence was properly overruled.   Such clear convincing proof of the commission of a crime is rarely ever made in our courts. The judgment is affirmed.   SHERWOOD and BURGESS, JJ., concur.