## GEORGE KRUP, Respondent, v. PATRICK CORLEY, Appellant.

### St. Louis Court of Appeals, July 22, 1902.

1. **Slander: EVIDENCE.** In an action for damages for slander, it is improper to admit evidence of independent slanderous charges by defendant against plaintiff. But evidence of repetitions of the slander, which forms the subject of the suit, is admissible as showing malice.

2. **Slander: A CHARGE OF FALSE SWEARING IS ACTIONABLE PER SE.** Oral language imputing that one has sworn falsely in a court of justice, is actionable *per se*, as is also a charge that a person is a thief. "He forged my name to one of his rent receipts," is not language defamatory in itself.

3. **Slander: STATUTORY MISDEMEANOR.** Slander is a statutory misdemeanor in Missouri; but as a civil injury, slander is governed by principles of the common law.

4. **Forgery at Common Law: INTENT TO INJURE AND DEFRAUD.** An intent to injure or defraud is an essential element of forgery of a writing as a crime. It is also essential at common law.

5. **Slander: PLEADING: STATUTORY CONSTRUCTION.** The code (R. S. 1899, sec. 635) provides a short form of innuendo in actions of slander or libel, but it does not dispense with the necessity of a statement of sufficient facts by way of inducement to show that words charged to be defamatory *per se* are spoken with a meaning imputing a crime.

6. ——: **PUNITIVE DAMAGES: DISCRETION OF TRIAL JUDGE.** The awarding of punitive damages for slander is discretionary with the jury, not obligatory on them.

7. **Statute of Jeofails: INSTRUCTION.** The statute of jeofails (R. S. 1899, sec. 672) does not cure an instruction which omits to call for a finding of facts necessary to put an actionable meaning upon terms otherwise not actionable *per se*.

Krup v. Corley.

8. **Evidence: REBUTTING TESTIMONY TO CONTRADICT.** Where evidence is offered in rebuttal to contradict statements of witnesses for the defendant, it is essential that a proper foundation should be laid, by identification of the time and place of the supposed conversation, to warrant the admission of impeaching evidence of different statements.

9. **Practice, Trial: PRACTICE, APPELLATE: PARTIES ARE BOUND IN APPELLATE COURT BY POSITION TAKEN IN TRIAL COURT.** Parties are bound on appeal by the positions they voluntarily assume in the trial court.

10. **Order of Proof: DISCRETION OF TRIAL COURT.** The order of proof in the trial of an action at law is to be governed by a sound judicial discretion.

11. **Evidence: PRACTICE, TRIAL: OBJECTIONS.** A question which assumes the existence of a fact of which there is no evidence before the court tending to prove, should not be permitted against the objection of the adverse party.

12. **Error.** Error is not to be assumed to be harmless; those who claim it to be so must demonstrate the proposition.

13. **———: INSTRUCTIONS TO JURY IN ACTION FOR DAMAGES FOR SLANDER.** Where a charge of forgery is the gist of an action for damages for slander, it is improper to submit to the jury as a question of fact what constitutes a charge of forgery without defining the elements of the crime.

14. **Instructions: PRACTICE, TRIAL: PERJURY.** It is improper to submit to the jury the questions of what facts are material in a prosecution for perjury.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Douglas,* Judge.

REVERSED AND REMANDED.

*Martin & Young* and *Lambert E. Walther* for appellant.

(1) The slanderous words declared on in the second count are not slanderous per se, and, in the absence of any averment of extrinsic facts showing they were intended to be slanderous, and were so

Vol 95 app—41

understood, the count fails to state a cause of action. Church v. Bridgman, 6 Mo. 190; Atkinson v. Scammon, 22 N. H. 40; Mills v. Taylor, 3 Bibbs 469; Jackson v. Weisiger, 2 B. Monroe (Ky.) 214; Palmer v. Hunter, 8 Mo. 371; Christal v. Craig, 80 Mo. 372. (2) It was error to allow testimony in rebuttal as to slanderous charges, other than those set forth in the petition, which were made subsequently to the time laid. Christal v. Craig, 80 Mo. 375; Howard v. Sexton, 4 N. Y. 157; Townshend on Libel and Slander, sec. 392; Johnson v. Brown, 57 Barb. 126; Eccles v. Radam, 75 Hun 535. (3) It was error to permit counsel, in cross-examination of defendant, to ask the question: "On all this property, including those six houses and property, which is assessed at over $6,000 or $7,000 by the assessor, you only paid $125?" there being no evidence whatever as to the assessed value of defendant's property. (4) Instruction 2 given for plaintiff is bad, in that it fails to define what would constitute the crime of "forgery." Ampleman v. Ins. Co., 35 Mo. App. 308; Morgan v. Dürfee, 69 Mo. 480; Jordan v. Webber Mldg. Co., 72 Mo. App. 325. (5) Words used merely as terms of abuse, and so understood by the hearers, are not actionable, and it was, therefore, error to refuse instruction 12 requested by defendant. Bridgman v. Armer, 57 Mo. App. 531.

*Wm. D. Hudson* for respondent.

(1) The words declared on in plaintiff's second count, "He [meaning plaintiff] forged my name to one of his rent receipts," are slanderous per se, and therefore need no colloquium or innuendo. It is not necessary that words should impute an offense with the accuracy required in an indictment in order to render them actionable per se. Perselley v. Bacon, 20 Mo. 334; Fowle v. Robbins, 12 Mass. 500; Stroebel v. Whitney, 31 Minn. 384; Lewis v. Hudson, 44 Ga. 572; Proc-

tor v. Owens, 18 Ind. 22; Baal v. Baggerly, Cro. & Car. 327; Jones v. Herne, 2 Wils. 87; Ceely v. Haskins, Cro. & Car. 509; Callahan v. Ingram, 122 Mo. 366. (2) After verdict for plaintiff, language which admits of an innocent and an injurious meaning, will be construed to have its injurious meaning. Palmer v. Hunter, 8 Mo. 515; Harris v. Woody, 9 Mo. 115; Chapman v. Smith, 13 Johnson 80; Townshend on Slander and Libel (4 Ed.), sec. 143. (3) Where upon the whole record it is clearly manifest that the judgment is for the right party, it will not be reversed, though error was committed at the trial. Phillips v. Bachelder, 47 Mo. App. 55; Cheek v. Waldron, 39 Mo. App. 26; Beilet v. Devoll, 40 Mo. App. 255; Sullivan v. Railway, 133 Mo. 8.

BARCLAY, J.—This action is for slander and rests upon three charges or causes of action in the plaintiff's petition, all of which were answered by a general denial of defendant.

The words complained of as injurious in the several counts were these:

First count: "He [meaning plaintiff] is a damned thief."

Second count: "He [meaning plaintiff] forged my name to one of his rent receipts."

Third count: "That Hollander [meaning plaintiff] swore false on the witness stand."

The claim for compensation on each count was for $10,000, of which one-half was alleged to be actual, and the rest was demanded as punitive, damages.

Little attention need be given to the third count, for the trial court sustained an objection to its sufficiency. No steps were taken toward reviewing that ruling.

There was a trial on the other two counts before the court and a jury, resulting in a finding for plaintiff on each count for $200 actual, and $50 punitive,

damages, total $500, for which amount judgment was duly entered. Defendant took an appeal therefrom, after the usual motions and exceptions.

To make clear some of the issues involved in the appeal, we present the material parts of the two counts in the petition on which the case went to trial (omitting merely formal features):

"Plaintiff for his cause of action states that on or about the fifth day of July, 1900, in the city of St. Louis and State of Missouri, and in the presence and hearing of divers persons, the defendant falsely, wantonly, and maliciously spoke and published of and concerning the plaintiff the following false, malicious and defamatory words, to-wit: 'He [meaning plaintiff] is a damned thief,' whereby this plaintiff has been greatly injured in his feelings, good name and reputation, and to his damage in the sum of ten thousand dollars; in actual damages in the sum of five thousand dollars, and in exemplary or punitive damages in the sum of five thousand dollars.

"Wherefore plaintiff asks judgment," etc.

"Plaintiff for his second cause of action states that on or about the fifth day of July, 1900, in the city of St. Louis and State of Missouri, and in the presence and hearing of divers persons, the defendant falsely, wantonly and maliciously spoke and published of and concerning the plaintiff the following false, malicious and defamatory words, to-wit: 'He [meaning plaintiff] forged my name to one of his rent receipts,' whereby this plaintiff has been greatly injured in his feelings, good name and reputation, and to his damage in the sum of ten thousand dollars; in actual damages in the sum of five thousand dollars, and in exemplary or punitive damages in the sum of five thousand dollars.

"Wherefore plaintiff asks judgment," etc.

The facts will be stated along with our rulings, so far as necessary to elucidate the latter.

The instructions given by the learned trial judge at the instance of plaintiff, or of his own motion, were as follows:

"1. The jury are instructed, that in making their verdict they may take into consideration all the facts and circumstances detailed by the witnesses, and if the jury find for the plaintiff, in estimating the damages which they think plaintiff has sustained, they may take into consideration and allow the plaintiff for the mortification to his feelings suffered from the acts of defendant complained of, and may add thereto, as punitive damages, such amount as will adequately punish the defendant for such acts and serve as a warning to prevent others from being guilty of like acts.

"The jury are instructed that the words 'He is a damned thief' are slanderous in themselves, and that the law implies malice in speaking of said words, and that it is not necessary to prove any express malice in order to warrant a verdict for plaintiff on the first count of plaintiff's petition.

"If the jury believe from the evidence that on or about the fifth day of July, 1900, the defendant spoke of and concerning the plaintiff in the presence and hearing of one or more persons the following words: 'He forged my name to one of his rent receipts,' or enough of said words to constitute the charges of forgery against the plaintiff, then the jury must find for the plaintiff on the second count of the plaintiff's petition in an amount not to exceed the sum claimed in said count.

"The jury are instructed that malice does not consist alone in personal spite or ill will, but it does exist in law, whenever a wrongful act is intentionally done without just cause or excuse.

"The jury are instructed that in making up their verdict, they must state separately their findings as to each of the two counts in plaintiff's petition, and if they find for the plaintiff they must state separately

their finding as to actual and punitive damages on each of said counts. The third count in plaintiff's petition is withdrawn from the consideration of the jury.

"The court instructs the jury that nine of your number have power to render a verdict in this case, and that when nine jurors agree upon a verdict, your foreman should sign it, and you return it into court as the verdict of the jury.

"The jury are instructed that if they believe from the evidence, that on or about the fifth day of July, 1900, the defendant in the presence and hearing of one or more persons, used the following language of and concerning plaintiff: 'He is a damned thief;' and if they further believe that said language was false and untrue, then they should find for the plaintiff on the first count in plaintiff's petition, unless they further believe that such words were used merely as terms of abuse and reproach and that the hearer could not reasonably otherwise understand them."

At defendant's request the following instructions were given:

"The jury are the exclusive judges of the credit and weight to be given to the testimony of the different witnesses, and if they find and believe that any witness willfully testified falsely to any material facts, they are at liberty to reject the whole or any part of such witness's testimony.

"The jury are instructed that the burden of proving the words charged as slanderous is upon the plaintiff; that is, the plaintiff must prove to the satisfaction of the jury, by a preponderance of the evidence, that the defendant uttered the words charged as slanderous, or enough of said words to constitute substantially the same charge.

"7. By the word 'preponderance' as used in these instructions, is meant a greater weight of evidence, or evidence which is more credible and convincing to the mind.

"8. The court instructs the jury, that, even though they may believe from the evidence, that defendant spoke of and concerning plaintiff the words charged in the first count of plaintiff's petition, namely: 'He [meaning plaintiff] is a damned thief,' yet if they believe from the evidence that said words were spoken and understood as merely charging that plaintiff had attempted to move into a house belonging to defendant without paying rent, then the jury will find for the defendant on said count."

Defendant complains also of the refusal of another instruction, but the result of the appeal renders any further notice thereof unnecessary.

1. One assignment of error challenges the ruling which admitted, in rebuttal, testimony of other slanderous statements ascribed to defendant which he was said to have made concerning plaintiff, several days after the utterances on which the first and second counts are founded.

One of these items of rebuttal testimony consisted of a repetition of the language alleged in the first count applying to plaintiff the epithet "thief." Laying aside the question of order of proof, that piece of testimony was admissible as tending to show malice.

The other item of rebuttal assigned as error consisted of testimony that defendant, July 10, 1900, declared to the witness that, "That long-legged Hollander swore false on the witness stand," the day before, at a trial before a justice of the peace in St. Louis, which trial defendant was said by the witness to have mentioned in a way to plainly import the crime of perjury. To say that one has sworn falsely in a court of justice, without more, carries an imputation of perjury. Butterfield v. Buffum, 9 N. H. 163; Stone v. Clark, 21 Pick. 51; Wood v. Southwick, 97 Mass. 356; Gilman v. Lowell, 8 Wend. 573; Fowle v. Robbins, 12 Mass. 499, approved in Perselly v. Bacon, 20 Mo. 334. The language introduced in rebuttal in the case at bar

is easily distinguishable from that discussed in Alderson v. Auerswald, 80 Mo. App. (St. L.) 370, where it appears affirmatively that the swearing charged to be false bore upon an immaterial issue. Here the language with its accompanying facts was easily susceptible of interpretation as a charge of perjury, according to the principles declared in the last group of citations above.

It may be noted that the language quoted resembles that which originally formed the gist of the third count of plaintiff's petition. The words charged in the first and second counts, according to the allegations and testimony of plaintiff, were spoken on the fifth of July, 1900.

That testimony was admitted against defendant's objections, both as to the order of its introduction and as to its substance. Proper exception was duly saved to the ruling.

It seems to us that the objections were well taken on the authority of Christal v. Craig, 80 Mo. 367. The evidence was not admissible as rebuttal to contradict defendant. He had, it is true, denied that he mentioned plaintiff on July 10, 1900, in any conversation with the witness; but no proper foundation was laid during defendant's examination (by a reasonable identification of the time and place of the supposed conversation) to warrant the admission of the "Hollander" statement as rebuttal, even if it might otherwise have been so introduced, which we do not decide. It surely was not admissible as original testimony in view of the positive authority of the decision last cited.

So far as concerns the mere order of proof, that subject rests within the sound judicial discretion of the trial court. We are not required to say whether it was exceeded in the matter under review, since we must hold the evidence inadmissible even had it appeared as part of the plaintiff's case in chief.

2. Another assignment of error relates to a ques-

tion propounded to defendant by plaintiff's counsel while investigating the pecuniary resources of the former, presumably on the issue of punitive damages. The question, answer and ruling thereon are shown by the following excerpt from the record, viz.:

"Q. On all of this property, including those six houses and property which is assessed at over six or seven thousand dollars by the assessor, you only paid one hundred and twenty-five dollars?

"Objected to as assuming what has not been testified to and as being incompetent and irrelevant; objection overruled to which ruling counsel for defendant then and there excepted.

"A. That is all."

There is nothing in the record here (which purports to contain all the evidence, and which we must, furthermore, assume does so, under rule 14 of this court) in the slightest degree tending to prove the fact asserted by the question. The rule on this point, as well as the chief reasons thereof, are tersely given in a useful treatise on procedure as follows:

"It is not permissible for counsel to so frame their questions as to assume the existence of facts which have neither been admitted nor proved. The reason of this rule does not rest merely on the consideration that such questions are calculated to mislead the witness. There is also danger that the assumptions of counsel may become confused in the mind of the jurors with the evidence of the case." 8 Ency. Pl. and Pr., 77.

The question objected to in this case falls under the ban of the rule above quoted, and we are not convinced that the error was harmless. The general rule is that error is presumptively injurious. It devolves on those who claim it to be innocent to demonstrate that proposition, which they have not done here. Hollenbeck v. Railroad, 141 Mo. 97; Boston & Albany R. R. Co. v. O'Reilly, 158 U. S. 334.

3. As an order for new trial must be entered, on

account of the error first discussed (which affects both counts) it may be proper to remark briefly on some other features of the case.

One of the assignments of error relating to the second cause of action is founded on the giving of the third instruction for plaintiff, in the terms already quoted.

A fatal fault therein is that the instruction submits to the jury as a question of fact what constitutes a "charge of forgery." The essential elements of that offense should have been defined with reference to the facts in evidence. It was not correct to leave that question to the jury any more than it was to leave to them to determine what facts were "material" in a prosecution for perjury, which was held error in State v. Williams, 30 Mo. 364.

Under the law of this State an intent to injure or defraud is an essential element of forgery as a criminal offense affecting such a writing as that here in view, a receipt. R. S. 1899, sec. 2009. A like intent was essential to forgery as a crime at the common law. Reg. · v. Parish, 8 Car. & P. 94.

There was in the second count of the petition no colloquium (using that word in the sense of inducement) to show the extrinsic facts necessary to impart to the language in question a defamatory meaning and thereby to sustain a substantial recovery irrespective of special damages. Our code authorizes a short form of innuendo to apply language to the plaintiff. R. S. 1899, sec. 635. But it does not dispense with the statement of sufficient circumstances to point the defamatory meaning of words which form the basis of complaint, where they are not in themselves actionable. This proposition is firmly settled by authority in Missouri. McManus v. Jackson, 28 Mo. 56; Legg v. Dumleavy, 10 Mo. App. (St. L.) 461, affirmed, 80 Mo. 367; Boyce v. Aubuchon, 34 Mo. App. (St. L.) 315.

It has become unnecessary (because of the reversal on another ground) to inquire whether the omission of any or all descriptive matter of inducement in the second count is cured by verdict under our statute of jeofails. R. S. 1889, sec. 672. That statute can not properly be expanded to cure an instruction which omits to call for a finding of facts essential to impart a defamatory meaning to words which do not in themselves bear such a meaning.

An oral charge that plaintiff "forged my name to one of his rent receipts" is not defamatory in itself. Facts in addition are needed to impart the character of the charge of a criminal offense in such language and thus make it a valid foundation for a cause of action without allegation or proof of special damage. Enough of these facts should have been found by the jury to indicate that the charge was intended to impute a crime.

We have a statute defining slander as an offense of the grade of misdemeanor. R. S. 1899, sec. 2258. But as a civil injury, slander is defined by the principles of general jurisprudence evolved from the common law, which Missouri has adopted as part of her system of laws. R. S. 1899, sec. 4151.

The alleged charge in the first count, that plaintiff was a "thief," is defamatory without more, for it implies that plaintiff has been guilty of some sort of theft, which is a criminal offense. Callahan v. Ingram, 122 Mo. 355. But the charge in the second count is not of itself of that character, as already explained.

The third instruction can be conformed on a new trial to the requirements above indicated.

4. The call in two of the instructions (the third and sixth) for findings by the jury of enough of the words alleged to constitute substantially the same charge or charges, could not be the subject of com-

plaint on this appeal, as both parties asked the same declarations of law on that particular phase of the case, as was likewise done by both parties in Lewis v. McDaniel, 82 Mo. 577. It is a trite precept that parties are bound on appeal by the positions they voluntarily assume in the trial court. Dunlap v. Griffith, 146 Mo. 292; Marks v. Davis, 72 Mo. App. (St. L.) 564. Yet it may be appropriate to warn those concerned to observe the caution contained in the opinion last above cited, touching the manner of submitting the issue of the speaking of the words charged to be slanderous.

5. We would further direct the attention to the first instruction for plaintiff and to the word "must" in the third instruction. We do not hold that either constitutes error. We have not been called upon to pass directly on that question on this appeal. But before those literary materials are used again, the decision of Callahan v. Ingram, 122 Mo. 355, should be carefully considered. In that case an instruction resembling the first one for plaintiff here, was disapproved, the court declaring that the awarding of punitive damages for slander was discretionary with the jury, not obligatory on them, and that an instruction on that subject should leave no doubt that the elements warranting punitive damages were found as facts by the jury.

But upon a new trial, all doubts on that score may be readily removed.

The judgment is reversed and the cause remanded. *Bland, P. J.*, concurring; *Goode, J.*, not sitting.