EDWARD L. SCHEUFLER, Superintendent of the Insurance Department of the State of Missouri, Respondent, v. MANUFACTURING LUMBERMEN'S UNDERWRITERS, a Reciprocal Insurance Exchange et al., Defendants, CENTRAL SURETY & INSURANCE CORPORATION, a Corporation, and R. E. O'MALLEY, Appellants.—163 S. W. (2d) 749.

Court en Banc, July 7, 1942.

*James P. Aylward* for O'Malley.

*McCune, Caldwell, Downing & Noble* for Central Surety & Insurance Corporation.

*Clark, Boggs, Peterson & Becker* for respondent.

PER CURIAM.—The respondent Superintendent of Insurance asks leave to file here a motion to transfer the above causes from Division II to this court en banc on the ground that a federal question is involved. He has also filed a similar motion in Division II, where the causes have been finally determined adversely to him. His explanation of the reason for this duplicated procedure is that if the motion to transfer be overruled by Division II he will not have exhausted all available means of securing an appellate review of the causes by this court en banc, unless he files the same motion here. This, he says, is prerequisite to an application for review by certiorari or appeal in the United States Supreme Court, under a recent decision of that court in Gorman v. Washington University, 62 Sup. Ct. 962, 86 L. Ed. 895.

We do not so read the Gorman decision. According to our understanding it was based on the fact that no application for a transfer had been made *to Division I* of this court after adverse determination of the cause by that Division. [See Washington University v. Gorman, 348 Mo. 310, 153 S. W. (2d) 35.] The opinion does not expressly so state, and does say (italics and parenthesis ours): "it does not appear that the judgment thus rendered (by Division I) has been *reviewed* by the Supreme Court sitting en banc." But it further declares there was also no showing "that petitioners have made application, as they could have done under Sec. 4 of the 1890 amendments to the state constitution, to transfer the cause to the full court for review." The opinion then summarizes Secs. 1 and 4 of said amendment, and quotes part of our Rule 24, which provides: "A motion to transfer a cause under the provisions of the Constitution from either division to Court *En Banc* must be filed within ten days after the final disposition of the cause by the division, . . ." The record of the Gorman case in this court shows no application was made to Division I to transfer the cause to the court en banc.

Ever since the decision of State v. Duestrow, 137 Mo. 44, 91, 39 S. W. 266, in 1896, it has been the settled law of this state that such motions must be filed in whichever of the two Divisions of this court has decided the case; and that the court en banc cannot compel a transfer of the cause. This rule is based on the provisions of said Sections 1, 3 and 4 of the Amendment of 1890 to Article VI of our Constitution. Sec. 1 creates two divisions of the Supreme Court and gives them *concurrent* jurisdiction of all matters and causes in the court, except that Division II shall have exclusive cognizance of all criminal cases. The section contains a proviso that a cause in a Division may be transferred to the court en banc as provided in Sec. 4. And the latter section provides that for specified reasons causes shall be transferred to the court en banc ''on the application of the losing party.'' This has always been construed to mean that the application for the transfer must be made in the Division *from which* the transfer is sought. Under the last clause of this section either division, on application or its own motion and for reasons deemed sufficient though not enumerated in the section, may order a cause transferred to the court en banc.

Respondent calls attention to McFadin v. Catron, 138 Mo. 197, 227, 39 S. W. 771, where (respondent says) the court en banc unanimously entertained a motion to transfer a cause from Division II and denied it with the statement that no facts existed as specified in Sec. 4, warranting a transfer. He contends the court would have stricken the motion from its files without reference to the merits thereof, if it had meant to refuse to entertain the motion. But the opinion also cited the Duestrow case, and quoted the part holding that ''motions filed subsequent to a judgment in a cause are matters pertaining thereto, and must be filed in the division which rendered the judgment.'' So, also, in State v. Hamey, 168 Mo. 167, 175, 65 S. W. 946, 57 L. R. A. 846, the court en banc unanimously ruled that an order of a Division transferring a cause to it did not operate as the allowance of an appellate review. The Duestrow case (137 Mo. 1. c. 95, 39 S. W. 1. c. 268) squarely holds that Sec. 4 of the Amendment does not give the court en banc superintending control over a Division. The Amendment of 1890 was adopted to expedite the work of the court by creating two divisions of concurrent jurisdiction, each with the separate power to adjudicate causes coming to the court; and with the further power to determine when causes before it shall be transferred to the court en banc under Sec. 4 of the Amendment.

The application for leave to file en banc a motion to transfer the causes from Division II is denied.

All concur except *Gantt, J.*, absent.