ROGER HALL, Plaintiff-Appellant, v. W. A. BROOKSHIRE, Defendant-Appellant, No. 43433—267 S. W. (2d) 627.

Court en Banc, April 12, 1954.

Rehearing Denied, May 10, 1954.

*Carl F. Sapp* for plaintiff-appellant.

W. A. *Brookshire* for defendant-appellant.

CONKLING, C. J.—Roger Hall, hereinafter called plaintiff, recovered a judgment totaling $8,000 as damages against W. A. Brookshire, hereinafter called defendant, in an action for libel. Defendant filed a motion for new trial and also filed his separate after-trial motion for judgment in accordance with his motion for

a directed verdict. RSMo 1949, V.A.M.S., Section 510.290. The latter motion was overruled, but the court sustained defendant's motion for a new trial. From the order granting a new trial, the plaintiff appealed. Defendant also appealed from the trial court's order overruling his after-trial motion for judgment in accordance with defendant's motion for a directed verdict.

This appeal was first docketed and submitted in Division 2 of this Court. Thereafter, and on September 14, 1953, Division 2 transferred this cause to the Court en Banc without opinion. On December 19, 1953, defendant Brookshire filed a new and additional brief in this cause. On December 31, 1953, plaintiff filed in the cause his motion to strike defendant's above noted additional brief. That motion was taken with the submission of the cause. Plaintiff has never favored us with any brief in this ▆▆ cause. The cause was orally argued before the Court en Banc and was submitted on February 2, 1954.

▆▆ We first consider plaintiff's above motion to strike the additional brief filed by defendant on December 19, 1953. Plaintiff first asserts, as grounds of his motion to strike defendant's additional brief, that such brief is not authorized by our Court Rules and is in violation of our Rule 1.09 requiring the original brief to be delivered to plaintiff forty-five days before the day upon which the cause is set for hearing. The brief does not violate our Rule 1.09. The cause was transferred to Court en Banc on September 14, 1953, and on that day was placed on the docket of the Court en Banc. Printed dockets showing that the case was set on the docket of the Court en Banc for February 2, 1954, were mailed to the parties by our Clerk on October 22, 1953. Defendant's above additional brief was mailed by the printer thereof from St. Louis, Missouri, to counsel for plaintiff in Columbia, Missouri, on December 18, 1953, and copies thereof were received from the printer and filed in this Court on December 19, 1953. The additional brief for defendant was delivered to plaintiff and was filed here forty-five days before the day upon which the case was set for hearing in this Court. Thus there was no violation of our Rule 1.09.

When the cause was transferred by Division 2 to the Court en Banc, and was there docketed, it then stood before the Court en Banc anew, for submission and disposition de novo, and as though the case had never been before Division 2 of this Court at all. State v. Duestrow, 137 Mo. 44, 91, 38 S. W. 544, State v. Hamey, 168 Mo. 167, 67 S. W. 620, Scheufler v. Manufacturing Lumbermen's Underwriters, 349 Mo. 855, 163 S. W. (2) 749, State ex rel. Barber v. Daues, 319 Mo. 743, 6 S. W. (2) 898. While the briefs which may have been filed in a case while it is in a Division of this Court go to the Court en Banc with the case when it is transferred there, the status of the case after transfer to Court en Banc is as though briefs

had never been filed therein. We have always ruled that when a cause is transferred from a Division of this Court to the Court en Banc that any of the litigants therein are then entitled, as of course and of right, to file entirely new briefs in the cause if any litigant so desires, and that in such briefs any and all such points could be raised as the record of the case warrants. The motion filed by plaintiff to strike the additional brief filed by defendant on December 19, 1953, must be and is overruled.

The trial court sustained defendant's motion for new trial, but in its order sustaining that motion specified of record no ground or grounds for such action upon the motion. Our Rule 1.10 provides that under these circumstances the presumption shall be that the trial court erroneously granted the motion for new trial. The burden of supporting the instant action and ruling of the trial court in sustaining that motion falls upon defendant. The onus to establish that the action of the trial court in sustaining the new trial motion was not erroneous, and was free from error, rests in these circumstances upon the defendant.

The third amended petition, upon which the case was tried, prayed actual damages of $5,000 and punitive damages of $10,000 and alleged that defendant had libeled plaintiff, in that on December 26, 1950, defendant wrote to plaintiff's mother, Bessie B. Hall, a letter referring to plaintiff, wherein defendant stated: "It is little wonder that your son, who possesses the type of mentality that he does, would go into court and commit perjury simply because a man has tried to get a decent fence." It was also therein alleged that plaintiff's mother understood the charge of perjury to be directed by defendant at the plaintiff and to refer to testimony given by plaintiff under oath in court in Callaway County, Missouri, on November 27, 1950, and that plaintiff's mother understood that defendant in said letter charged plaintiff with having committed the crime of perjury, a felony; and that defendant's act in so libeling plaintiff was willful and malicious.

Defendant's answer admitted that plaintiff did testify in court in Callaway County, ▮▮▮▮ on November 27, 1950, in a cause in which defendant was a party; admitted also that on December 26, 1950, defendant wrote the letter referred to in the petition to Bessie B. Hall, and that it contained the words quoted in the preceding paragraph, but defendant denied said above quoted words were or are libelous or actionable. Defendant's answer also alleged that the above quoted words were and are true of plaintiff, and that plaintiff did falsely testify and commit perjury in the trial in Callaway County on November 27, 1950. Defendant's answer, in addition to the above, alleges that in the Callaway County case plaintiff committed perjury in five specifically alleged respects and instances. Plaintiff's reply to defendant's answer denied that he committed

perjury in the Callaway County trial, and asserts that he there testified to the truth. Defendant also filed in the cause a counterclaim against plaintiff in three counts in which he prayed damages against plaintiff. Plaintiff's answer to the counterclaim denied the allegations thereof. At the close of all the evidence the trial court sustained plaintiff's motion for a directed verdict for plaintiff upon all three counts of the counterclaim. The jury accordingly returned such directed verdicts for plaintiff upon each of the three counts of defendant's counterclaim. No issues as to the counterclaims are presented upon this appeal.

In defendant's brief under the heading and caption "Assignment of Errors" it is asserted that the court erred, (1) in overruling defendant's oral objection to the introduction of evidence by plaintiff, (2) in overruling defendant's motion for a directed verdict, (3) in admitting certain testimony, and (4) in the giving of Instructions numbered 1, 4, 8 and 9.

Defendant's first contention is that the court erred in overruling his oral objection to the introduction of any evidence by plaintiff because, defendant asserts, the petition wholly failed to state facts upon which relief could be granted because the alleged words above "are not libelous per se and are incapable by innuendo of being grounds for a libel suit." This contention of defendant is based in part upon defendant's argument that by the use of the word "would" and the phrase "would go into court" or "would go" in the alleged libel, the defendant meant a future appearance in court, that is, that plaintiff would commit perjury in the future, and not that plaintiff had done so in the past. But defendant's pleading denies any such meaning. After alleging the truth of the claimed libel, his answer further alleges: "Defendant states that before the time in said petition alleged as the date of publishing the libel in said petition charged, to-wit, on the 27th day of November, 1950, in the Magistrate Court of Callaway County, Missouri, a court of record of the State of Missouri, in a certain cause there pending wherein the defendant herein W. A. Brookshire, was plaintiff and E. V. Anderson, Virginia Anderson and Donald Anderson were defendants, the plaintiff herein Roger Hall, did appear therein as a witness * * * and did falsely, willfully and maliciously testify that, etc." Defendant's answer then charged plaintiff with five specific perjuries in that case. Defendant will not be permitted to blow both hot and cold, and in the face of the above allegation of his answer assert in his brief that in the alleged libel in the letter to plaintiff's mother defendant meant only that plaintiff would commit perjury in the future.

A charge of perjury is libelous per se. This Court has so held in terms. In Brown v. Publishers: George Knapp & Co., 213 Mo. 655, 112 S. W. 474, it was said: "Words charging another with a commis-

sion of a crime as heinous as perjury are actionable although they do not set forth the particulars of the offense in language necessary to make a good indictment. * * * Words making a general charge of 'perjury' are actionable in themselves without any colloquium * * * the charge in the publication was an unqualified one of perjury, which is actionable per se.'' See also, Roney v. Organ, 176 Mo. App. 234, 161 S. W. 868, 870, Krup v. Corley, 95 Mo. App. 647, 69 S. W. 609, Perselly v. Bacon, 20 Mo. 330, 53 C. J. S., Libel and Slander, § 71, pp. 118, 119, and cases there cited, 33 Am. Jur., Libel and Slander, § 32, p. 56, and cases there cited, Newell on Slander and Libel, Fourth Edition, § 64, p. 103, and cases there cited.

The trial court did not err in overruling defendant's objection to the introduction of evidence by the plaintiff.

 It is next contended that the court erred in overruling defendant's motion to direct a verdict for defendant upon all the evidence in the case. This contention has no merit whatever. Defendant admits the writing and the publication of the alleged libel in the defendant's letter of December 26, 1950, to plaintiff's mother. Defendant's answer relied upon the defense of the truth of the alleged libel. The letter containing the alleged libel was introduced in evidence and was before the jury. The alleged writing upon which plaintiff relies is clearly libelous per se. By its verdict the jury determined the issue of whether the alleged libelous writing was true or untrue. The trial court did not err in submitting the cause to the jury. The trial court did not err in overruling defendant's after-trial motion for judgment in accordance with defendant's motion for a directed verdict.

 It is next contended by defendant that the court erred in admitting testimony offered by plaintiff when witness Charles Wren was on the witness stand, that the reputation of defendant in the community was bad. In his answer defendant alleged that in the Callaway County trial plaintiff falsely testified that defendant's general reputation for good morals, good citizenship, truth and veracity was bad. His answer also alleged that the words written by him of plaintiff in the letter were true, and that therefore the publication of the writing in question was not libelous.

The record before us reveals that the trial court admitted the above testimony of Charles Wren, not for the purpose of showing that the defendant's reputation was in fact good or bad, but as tending to establish the truthfulness or untruthfulness of the alleged libel. The testimony tended to establish whether plaintiff was or was not guilty of perjury when he testified on November 27, 1950, that defendant's reputation in the community was bad.

Defendant contends the testimony of Wren was improperly admitted because it was admitted to bolster the testimony given by plaintiff in court on November 27, 1950. We cannot agree that it

was admitted for that purpose. The record clearly shows the contrary. Defendant pleaded and relied upon his assertion of the truth of the alleged libel and his brief argues that "the only issue was whether or not plaintiff truthfully testified about the reputation (of defendant) on November 27, 1950." The court clearly admitted the testimony as tending to show the truthfulness or untruthfulness of defendant's defense that plaintiff was a perjurer. The testimony was admissible upon the issue of the truth of the alleged libel. That it may also have tended to bolster plaintiff's testimony of November 27, 1950, does not render it inadmissible.

Defendant cites Boogher v. Knapp, 76 Mo. 457, McDuff v. The Detroit Evening Journal Company, 84 Mich. 1, and Ransone v. Christian, 49 Ga. 491. Those cases have been examined. They have nothing to do with the instant contention and in nowise support defendant's position that the court erred in admitting the Wren testimony. Defendant admits that he published the alleged libel and makes the defense that what he said was the truth. Testimony which goes to that issue is admissible, and defendant's contention that the court erred in admitting the Wren testimony must be overruled.

Defendant next contends that the trial court erred in giving instructions 1, 4 and 8. In support of this contention defendant argues only that the alleged libelous writing was neither libelous in fact nor libelous per se. What we have said above rules his contentions as to instructions 1, 4 and 8 against the defendant.

Defendant also contends that the court erred in giving plaintiff's requested instruction P-9. This instruction, after informing the jury that plaintiff was required to prove his case by a preponderance of the evidence, continued: "However, the court instructs the jury that the burden of proof rests upon the defendant, W. A. Brookshire, to prove *beyond a reasonable doubt* that the plaintiff committed perjury at the trial in Callaway County to sustain the defense pleaded in his answer that the words written by him of the plaintiff and alleged to be libelous were true." [Emphasis supplied.]

An instruction to like effect was upheld in Polston v. See, 1873, 54 Mo. 291, 295, a case of first impression in Missouri on the issue and carrying a strong dissenting opinion by Judge Sherwood. However, in Edwards v. George Knapp & Co., 97 Mo. 432, 439, 10 S. W. 54, 57, the case of Polston v. See was unanimously overruled on this point. It was there held that the plea of justification in libel or slander actions involving the imputation of a crime may be sustained by a preponderance of the evidence, the same as the rights of parties in other civil actions, and that said defense does not have to be established beyond a reasonable doubt. See also, Smith v. Burrus, 106 Mo. 94, 100(III), 16 S.W. 881, 882(3), 13 L. R. A. 59, 27 Am. St. Rep. 329. This is the settled law in Missouri and in most of the states today. See State ex rel. Detroit Fire & Marine Insurance Company v. Ellison,

268 Mo. 239, 248(I), 187 S. W. 23, 24[1], 53 C. J. S. 330, § 219, a, c, 37 C. J. 87, 88, §§ 508, 510, 33 Am. Jur. 262, § 280, Annotations, 124 A. L. R. 1380(III), 7 Ann. Cas. 1158, 10 L. R. A. (NS) 1051, 25 L. R. A. (NS) 1215. On burden of proof instructions generally, Wilt v. Moody, Mo. Sup., 254 S. W. (2) 15, 21[9] and cases there cited.

Under the authorities the trial court erred in giving instruction P-9 to the jury. And for such error of law the trial court properly ordered the new trial in this case. The order granting defendant a new trial is therefore affirmed and the cause is remanded for new trial. It is so ordered. All concur.