**Robert E. VAUGHN, Plaintiff-Appellant,**

v.

**James W. RIPLEY, Defendant-Respondent**

**No. 25153.**

Kansas City Court of Appeals.

Missouri.

Oct. 6, 1969.

Hensley & Rahm, Warrensburg, Harold L. Caskey, Butler, for appellant.

William F. Brown, James T. Buckley, Sedalia, for respondent.

SHANGLER, Judge.

Plaintiff Robert E. Vaughn had a money judgment by default against defendant James W. Ripley. Thereafter, defendant filed his Motion to Set Aside Judgment and Alternative Motion for New Trial. After an evidentiary hearing, the court set aside the default judgment and ordered a new trial. Plaintiff appeals from that order.

On August 24, 1960, plaintiff filed his Petition on Account against defendant to recover money allegedly due for work done under an oral contract between them. The performance of these labors spanned the year May, 1955 through May, 1956 and entailed the clearing of a twenty acre tract so that a lake, spillway and dam might be fashioned from the rough land. On May

31, 1968, some eight years after the filing of suit and some twelve years after the completion of the work, the cause came on for trial for the second time. Defendant had filed responsive pleadings to the petition some years past. His attorneys of record as of the date of that trial were William F. Brown and James T. Buckley of Sedalia, Missouri. Neither defendant nor either of his attorneys appeared for trial. Before proceeding to the reception of evidence, however, at the instance of plaintiff, the court ordered the sheriff to cry "Vaughn v. Ripley" in the hallway thrice. This ritual intonation was unavailing, so the trial of the cause to the court commenced without defendant or his counsel. Plaintiff adduced evidence at the conclusion of which the court entered judgment for plaintiff in the sum of $3,178.37, of which $1,330.48 was for accrued interest.

Before formally giving judgment, however, the court conducted an inquiry "to show evidence that was taken into consideration by the Court in its overruling of the defendant's application for a continuance". This, in turn, was prompted by a letter received by the trial judge from William F. Brown, an attorney for defendant, May 29, 1968. In substance, the letter recited that Mr. Buckley (his co-counsel of record and office associate), had chanced to telephone Mr. Rahm, plaintiff's counsel, on May 29, 1968 concerning an unrelated matter and was incidentally informed for the first time that Vaughn v. Ripley was set for trial two days thereafter. (The letter mistakenly stated the date of trial as May 30 rather than May 31st, but there is no dispute concerning the correctness of the latter date.) The letter concluded: "We would consequently appreciate your continuance of this case to a day certain, and further advise that we want and will expect a jury to try the issues". The court, as evidenced by its remarks of record, explicitly treated the letter as an application for continuance, despite its obvious formal deficiencies. In order to resolve the issue raised by it, the court called and interrogated Mr. A. R. Zellmer, Circuit Clerk of Bates County. Mr. Zellmer testified that listings of Vaughn v. Ripley were contained in the trial dockets of Bates County for the February and May, 1968 terms, the May 6th Henry County trial calendar and that for the 27th Judicial Circuit (which includes Bates County). In each instance, May 31, 1968 was given as the trial setting for that case. Of these publications, the testimony related to the mailing of the Bates County trial docket for the May, 1968 term only. Although he did not believe a copy of that bar docket was mailed to every attorney "having business before (the) Court for the May Term" in Bates County, Mr. Zellmer testified his list revealed that he had mailed a copy to Mr. Buckley, defendant's attorney, at least fifteen days "before docket call" (the first day of the term). Upon a consideration of this evidence, the court overruled defendant's continuance request because "untimely" and also because notification to defendant was given and had in ample time.

On June 5, 1968, within six days after judgment, defendant filed his Motion to Set Aside Judgment and Alternative Motion for New Trial. The former motion asserted, basically, lack of timely notice to defendant of the trial date setting and that defendant had a just and meritorious defense to plaintiff's claim if given an opportunity to assert it. The alternative new trial motion recited interpolated recapitulations of the same grounds, euphemistically adding as well that "this defendant has not had his day in Court * * *". The joint affidavit of Mr. Brown and Mr. Buckley was appended.

On August 29, 1968, more than thirty days after the entry of judgment, evidence was heard upon the alternative motions. Mr. Buckley testified, in substance, that he had occasion to telephone Mr. Rahm, plaintiff's attorney, on May 29, 1968 concerning certain other litigation when he mentioned to Mr. Buckley that the case of Vaughn v. Ripley was set for trial on Friday, May 31,

1968. Upon learning of it, he informed Mr. Rahm that he had not known of it earlier and that it would not be possible to try it then because he would not have sufficient opportunity to reach his witnessess and, in any event, he had received no notice of it from the Bates County Circuit Clerk. He further testified that neither had he received a Bates County trial docket until June 15, 1968, some two weeks after judgment had been entered against Mr. Ripley. After the telephone conversation had terminated, Mr. Buckley attempted to telephone the trial judge to inform him of his plight, could not reach him, so on that day he mailed the letter adverted to previously. Although not reaffirmed by his testimony, in the supporting affidavit, Mr. Buckley attested that Mr. Rahm would not agree to a continuance but that if Mr. Buckley obtained one, Mr. Rahm should wish to be advised. At the conclusion of the hearing, the court disclosed his inclination "to grant a person a day in Court". Thereupon, the court set the judgment aside and granted defendant a new trial. Plaintiff appealed from that order.

This litigation has known a long life; part of its travail has been our own. We have had the duty to consider and decide a prior appeal between the contending parties upon the same cause of action. It, too, involved an appeal by defendant from a judgment by default taken against him by plaintiff. It is fully reported in Vaughn v. Ripley, Mo.App., 416 S.W.2d 226. The events we have just related appertain only to our instant appeal. The prior default judgment was set aside by the trial judge on his own motion within thirty days of the entry of judgment. We affirmed him in having done so.

As previously observed, respondent filed both his Motion to Set Aside Judgment and Alternative Motion for New Trial well within the time prescribed by Civil Rule 78.02, V.A.M.R. for the filing of a motion for new trial. Obviously, each motion was intended to serve a distinct function. Now, by Civil Rule 75.01, and previously at common law, trial courts are and had been invested with the power to vacate default judgments. Under the present rule this discretion may be exercised within thirty days of rendition of judgment, and at common law, during the term of rendition. Wooten v. Friedberg, 355 Mo. 756, 198 S.W.2d 1. During this period, a default judgment is said to repose within the breast of the court, has not yet become final, and the act of setting it aside is but an exercise of the court's discretion. The court may, during this period, set aside the default judgment on its own initiative and any motion presented to it to that end is only a suggestion to the court that it exercise its discretion for that purpose. Hoppe, Inc. v. St. Louis Public Service Co., Mo., 235 S.W.2d 347, at 349; Diekmann v. Associates Discount Corporation, Mo.App., 410 S.W.2d 695, at 697. Accordingly, we consider defendant's Motion to Set Aside Judgment as such a suggestion which the trial court did not choose to heed. In this respect, the vitality of defendant's motion expired when the court failed to vacate the judgment within thirty days of its entry.[1] We conclude, therefore, that the court's order vacating the default judgment and granting a new trial was its ruling upon the Alternative Motion for New Trial.

On this appeal, respondent seeks to justify the court's action as properly based on

---

1. The effect of the Alternative Motion for New Trial, of course, was to defer the finality of the judgment until "the expiration of ninety days after the filing of such motion, or, if such motion is passed on at an earlier date, then at the date of disposition of said moton". Civil Rule 82.05(a). At no time during the pendency of both motions therefore, was there a *final* judgment. We do not treat

defendant's Motion to Set Aside Judgment as directed to the vacation of a *final* judgment. Compare, for instance: Robinson v. Clements, Mo.App., 409 S.W.2d 215; Diekmann v. Associates Discount Corporation, Mo.App., 410 S.W. 2d 695; Watkins Co. v. Hubbard, Mo. App., 343 S.W.2d 189; Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132.

grounds raised in his Motion for New Trial, whereas appellant argues: (1) that since the court did not specify of record the ground or grounds upon which the new trial was ordered, such order was presumptively erroneous; (2) the judgment by default, if occasioned by the negligence of defendant's counsel, must stand, as the negligence of counsel is imputed to his client. Appellant offers other assignments of error. We need not repeat them as those we have stated, in our view, dispose of the essential issues raised by this appeal.

In his brief, respondent defends the action of the trial court on two grounds: (1) defendant was not timely notified of the May 31, 1968 trial setting, resulting in a denial of "due process of law"; (2) the grant of the new trial was within the court's discretion, which discretion the trial court did not abuse.

 The record entry of August 29, 1968 ordering the grant of a new trial did not specify the ground or grounds upon which it was based. (Failing to find such entry in the transcript, we ordered it certified to us by the Clerk of the Circuit Court of Bates County, Missouri.) The presumption must be, therefore, that the new trial was erroneously granted and the burden of supporting the court's action is placed upon the respondent. Civil Rules 78.01, 83.06(b) and (c); Quinn v. St. Louis Public Service Co., Mo., 318 S.W.2d 316; Hall v. Brookshire, 364 Mo. 774, 267 S.W.2d 627, at 629. As the order did not specify any discretionary ground either, we may not regard it as having been based on one. Byrd v. McGinnis, Mo., 299 S.W.2d 455, at 460. Notwithstanding the clear applicability of these well established principles, respondent insists that the trial court's grant of a new trial was a valid exercise of judicial discretion. He appears to believe that the term "upon good cause shown" in Civil Rule 78.01 authorizing the grant of a new trial is equivalent in legal import to the term "good cause" within the context of Civil Rule 75.01. He is no doubt prompted to do so by our holding in

the prior appeal of this case, Vaughn v. Ripley, supra, wherein we found "good cause" for the court's grant of new trial on its own initiative within the 30 day period after entry of judgment. As used in that rule, "good cause" invariably involves the exercise of a judicial discretion and is usually designed to accomplish remedial justice. On the other hand, "good cause shown" within the context of Civil Rule 78.01 "presupposes a motion for new trial which assigns a proper ground for a new trial", Byrd v. McGinnis, supra, page 460. The grant of a new trial under that rule may, or may not, involve the exercise of a judicial discretion. As previously observed, however, even if so intended, no such discretionary ground having been specified by the trial court as the basis for his action, we may not presume any.

██ ██ With some uncertainty, we have made out two distinct grounds in defendant's motion for new trial. If either ground proves demonstrably correct, the trial court's new trial order can be sustained thereby. Goodman v. Allen Cab Co., 360 Mo. 1094, 232 S.W.2d 535, at page 537. We may quickly dismiss one such ground: "That this defendant has not had his day in Court * * *". Such a statement is nothing more than legal rhetoric, presents no allegation of error, preserves none, and cannot support the court's order granting a new trial. It fails to inform both the trial and appellate courts the specific nature of the putative objection and what is sought to be corrected. Civil Rule 79.03; Ayres v. Keith, Mo., 355 S.W.2d 914, at 917.

██ The other ground offered by defendant in his motion for new trial, and, no doubt, the crucial issue presented on this appeal, is whether timely notice was given defendant of the May 31, 1968 trial setting. We accept without cavil those authorities cited by defendant which hold that fundamental fairness requires "a litigant party shall have opportunity to be heard on matters which affect his in⁺

ests". In re Jackson's Will, Mo.App., 291 S.W.2d 214, at 225, and that "reasonable notice to parties whose interests are at stake in a contemplated order is a prerequisite to the lawful exercise of the court's power". Hoppe, Inc. v. St. Louis Public Service Co., Mo., 235 S.W.2d 347, at 350; Bindley v. Metropolitan Life Insurance Co., 358 Mo. 31, 213 S.W.2d 387, at 391. In each of the decisions cited above, however, no notice of the court's impending action was given to the persons affected by it. Defendant Ripley, through his counsel, admittedly had actual notice from May 29, 1968. The question presented is actually limited to whether the notice was reasonably timely.

■ Theoretical considerations aside, the single circumstance which underlies the grievances of respondent's attorney, no matter how expressed, is that he did not receive a copy of the Bates County trial docket for the May term of court which contained the listing of Vaughn v. Ripley and specified its trial setting as May 31, 1968. Such was the testimony of Mr. Buckley, respondent's counsel, upon the hearing on the new trial motion. Mr. Zellmer, Bates County Circuit Clerk, as we have recounted, testified at the trial that he had indeed mailed him such a copy. We need not assess this disparity; it is quite irrelevant. On May 29, 1968, it is conceded, defendant's counsel actually knew of the May 31st trial setting. It was this very knowledge which inspired his letter to the trial judge, which, cavalierly, contained a request for continuance and, egregiously, assumed one would be granted. Counsel did not deign to appear on the May 31st trial setting despite having been told by plaintiff's counsel that "he would not agree to a continuance". Defendant's counsel made no effort to learn whether his informal epistolary continuance request had been granted, what disposition had been made of the pending case, or to present a more fully sufficient application for continuance with supporting affidavit as contemplated by Civil Rule 65. These were omissions of neglect. As it happened, after evidentiary hearing the trial court, contrary to counsel's expectations, disallowed the request for continuance. Counsel was not justified in relying upon the expectation that the court would exercise its discretion to grant a continuance in his favor, particularly since the opposition of plaintiff's counsel to such dispensation was known to him. "During the progress of a cause, a lawyer is charged with the duty and presumed to know what is going on in his case * * * (and) a party or his lawyer must be vigilant to follow the progress of the proceeding in which he is involved." In re Jackson's Will, supra, 291 S.W.2d at 225. Defendant did not appear for the trial with consequent loss of his testimony and whatever defense to the petition he had to offer. His failure to appear was occasioned by his attorney's neglect. "In civil cases the rule is practically universal that a new trial will not be granted on the ground of negligence * * of the party applying for such new trial. The law regards the neglect of an attorney as the client's own neglect and will give no relief from the consequences thereof." 39 Am.Jur. 159; Hamm v. Hamm, Mo.App., 437 S.W.2d 449, at 454; Culp v. Culp, Mo. App., 216 S.W.2d 551, at 554.

■ The burden of proving his ground for new trial, under the circumstances of this case, rests upon defendant. He has not carried that burden. We cannot say that two days' notice of the pending suit was, prima facie, unreasonable. We base that conclusion upon the nature of the litigation as revealed by the testimony given to the court, the pleadings and exhibits. The issues were relatively uninvolved. The substantial rights of defendant were not determined before he was afforded notice and the opportunity to be heard. The requirements of due process have therefore been met. He had the choice to "'appear or default, acquiesce or contest'". State v. Goodbar, Mo., 297 S.W.2d 525, at 528 (quoting from Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct.

652, 94 L.Ed. 865). Defendant chose to default.

We therefore hold that there was no trial error to correct and the grant of a new trial was erroneous. The trial court's order granting a new trial is reversed and judgment in favor of plaintiff is ordered reinstated.

All concur.