**Russell JOHNSTON, Plaintiff-Appellant,**

v.

**SEL–MOR GARMENT COMPANY, Defendant-Respondent.**

No. 38931.

Missouri Court of Appeals, St. Louis District, Division Three.

Aug. 8, 1978.

Motion for Rehearing and/or Transfer Denied Oct. 13, 1978.

Application to Transfer Denied Nov. 6, 1978.

Mogab & Hughes, Larry W. Glenn, St. Louis, for plaintiff-appellant.

Ralph C. Kleinschmidt, Evans & Dixon, St. Louis, for defendant-respondent.

WEIER, Judge.

This is a common law action for personal injury brought by Russell Johnston against his employer, Sel-Mor Garment Co. Plaintiff's injury to his back was alleged to have occurred during the course of his employment. A jury awarded the plaintiff $50,000 but the trial court set aside the judgment thereon and sustained the defendant's motion for a judgment notwithstanding the verdict. Plaintiff filed an appeal and we now affirm the trial court's disposition.

Russell Johnston was hired on December 27, 1973, as a material handler in the shipping department of Sel-Mor Garment Co. His duties included moving boxed rolls of cloth from stacks in the shipping department on the second floor to a conveyor belt. More specifically, after an order is made for a roll of the piece goods, the handlers were to pull the appropriate box off the stack, let it drop to the floor, lift up one end of the box so that it is in a vertical position, place a "two-wheeler" (from the photographic exhibits, this is a "hand truck") underneath it, and push it over to the conveyor belt. This was the method of work used to move the boxes. As plaintiff stated in his testimony on direct examination: "That's the way it was shown. That is the way they always did it."

On September 25, 1974, plaintiff was instructed to deliver a certain box which weighed approximately 250 pounds. Without seeking help, he pulled the box of piece goods off the pile in which it was stacked and it fell to the floor. Squatting down, the plaintiff picked up one edge of the oblong box to lift it up on its end, positioning it to be moved on the "two-wheeler." After elevating the end of the box about three feet off the ground, plaintiff felt a sharp pain in his back. After complaining to his foreman, the plaintiff was sent to a clinic where he was examined by a doctor.

He continued to experience sharp pain in his back, thighs and legs.

Plaintiff's injury was described by his neurologist as a herniation of the lumbar intervertebral disc. He had a congenital abnormality of four lumbar vertebrae instead of the usual five. This condition was aggravated by his injury and caused pain because of nerve root compression. The plaintiff after the injury would not be able to engage in heavy lifting.

The trial court sustained the defendant's motion for a judgment notwithstanding the verdict on three grounds: (1) the plaintiff failed to prove actionable negligence by the employer; (2) under the evidence submitted the plaintiff implicitly assumed, as a matter of law, the risk of an injury such as he sustained; and (3) the plaintiff failed to prove any facts which would entitle him to a recovery against the employer. On appeal the plaintiff-appellant contends the trial court erred in entering a judgment for defendant because evidence was produced at trial showing that there was negligence by the employer in either failing to provide adequate help, i. e., more workers to transport the box from the floor to a position where it could be moved, or in failing to provide the mechanical means to safely move the box from the stack to the "two-wheeler."

■ On appeal from the trial court's action sustaining a defendant's motion to set aside a judgment for plaintiff and to enter judgment for defendant notwithstanding the verdict, the evidence must be viewed in a light favorable to plaintiff and the verdict should not be set aside unless there is no room for reasonable minds to differ on the issues, in the exercise of a fair and impartial judgment. *Gregory v. Robinson*, 338 S.W.2d 88, 91[1] (Mo.banc 1960). The de-

fendant's evidence is disregarded except as it may aid plaintiff's case and plaintiff is afforded all reasonable inferences to be drawn from the evidence not in conflict with plaintiff's case. *Russell v. Russell*, 540 S.W.2d 626, 631[3] (Mo.App.1976). To make his case, however, plaintiff must remove it from the field of conjecture and doubt and establish it by substantial evidence of probative value. *Kaelin v. Nuelle*, 537 S.W.2d 226, 233[7] (Mo.App.1976).

■ In order for an employee to recover in Missouri under common law negligence,[1] more than mere injury must be shown. In innumerable cases, appellate courts of this state have detailed the duty owed by an employer to an employee. The test is relevant and here its delineation by the Supreme Court of Missouri bears repeating.

"[A]n employer is not liable to his employee for injuries sustained in the course of his employment unless the employer was negligent, and that such negligence was the direct and proximate cause of the injury. To establish negligence, as such, it must be shown that the employer has breached some duty which he owed the employee. That duty demands the use of all ordinary care: 'To see that the place of work is reasonably safe; to see that suitable instrumentalities are provided; and to see that those instrumentalities are safely used.' "

*Hightower v. Edwards*, 445 S.W.2d 273, 275[1] (Mo.banc 1969), quoting in part, *Schaum v. Southwestern Bell Telephone Co.*, 336 Mo. 228, 78 S.W.2d 439, 442[3] (1934).

■ The plaintiff must present evidence not merely of an injury but of a wrong suffered resulting from an employer's breach of the duty detailed in *Hightower*.

---

1. The Missouri Workman's Compensation Act, ch. 287 RSMo. 1969, is not applicable here. The Missouri Supreme Court has set out the parameters of the scope of recovery under this statute. Specifically, the Act has been interpreted *to govern only the rights and remedies arising out of an "accident." Harryman v. L & N Buick-Pontiac, Inc.*, 431 S.W.2d 193, 196[1] (Mo.banc 1968). The statute goes on to define

"accident" as "an unexpected or unforeseen event happening suddenly and violently, with or without human fault and producing at the time objective symptoms of an injury." Section 287.020(2) RSMo. 1965. Therefore, in the instant case the plaintiff-appellant is precluded from recovery under the Act, and any action must be pursued in tort.

Examining the facts of the instant case we are unconvinced that Sel-Mor's failure to provide additional men or machinery to aid plaintiff-appellant in positioning the box of dry goods was a breach of any duty.

It is important to focus attention only upon the specific tasks which the employee was required to undertake. The employee was hired specifically for this job of transporting boxes in the shipping department of Sel-Mor, and had successfully performed the task for nine months without incident. There is no evidence that the employer ever used any other method nor was there any evidence that a different method was used in the industry in which the employer engaged. Plaintiff did not ask for help that was refused. He had engaged in the same work during the course of his employment without any prior known injury. The injury to his back occurred when he was lifting without any unusual circumstances, such as slipping or falling, and without any unusual change in the environment in which he worked.

The employee testified that he was to lift one end of the box so that the length of the roll of dry goods would lay on its edge, standing upright, upon a vertical axis. A mechanical engineer testified that the employee could not have lifted more than one-half of the total box's weight. Therefore, the employee was required to lift off of the ground 125 pounds, a weight which steadily decreased as it approached a vertical position. Testimony was adduced which noted that at the time the employee felt a pain in his back the end of the box was approximately 32 inches off the floor. At that point, he would be lifting a weight equivalent to 70 pounds.

Plaintiff's work and movement in lifting the box was not under any special compulsion and was under conditions known to him. He had prior experience in pulling the boxes and loading them on the conveyor. His injury was not due to any unusual happening or emergency circumstance requiring him to exert beyond his strength. "Under such circumstances, the employee is the judge of his own strength, and not being under any necessity to exert himself beyond it, he cannot recover damages for injuries arising merely through lifting or overexertion." *Housden v. E. I. Du Pont de Nemours & Co.*, 321 S.W.2d 430, 435 (Mo. 1959). *See also, McCormick v. W. L. Hutchison Electric Co.*, 326 Mo. 380, 31 S.W.2d 971, 973 (1930); *Hunter v. Busy Bee Candy Co.*, 307 Mo. 656, 271 S.W. 800 (1925); 36 A.L.R.2d anno., Sec. 26(b) 8, 108.

The judgment is affirmed.

GUNN, P. J., and KELLY, J., concur.