STATE of Missouri ex rel. Joaquin DUELLO, Relator,

v.

Hon. Robert HOESTER, Judge of the Circuit Court of St. Louis County, Division 8, Respondent.

No. 43563.

Missouri Court of Appeals, Eastern District, Division Three.

June 2, 1981.

Paul W. Kopsky, Kopsky, Doster & Hughes, Chesterfield, for relator.

Nicholas J. Riggio, Sr., St. Louis, for respondent.

REINHARD, Judge.

Relator sought an alternative writ of mandamus to compel respondent judge to vacate his order entered in a dissolution of marriage case. We issued the alternative writ which we now make peremptory.

Wife (relator) filed a petition for dissolution of marriage on November 14, 1979 in the St. Louis County Circuit Court (Cause No. 430998). The case was assigned to Division 10. Wife filed a motion for a temporary restraining order requesting that husband be restrained from transferring any assets, molesting or disturbing the peace of wife, and requesting an order that husband be removed from the premises. The restraining order was issued, granting the relief as requested except as to the husband's removal from the premises. Other motions were filed, including a motion by wife for temporary allowances for maintenance, support, attorney's fees and costs pendente lite, and a motion by husband for custody of the two minor children pendente lite. Both of these motions were heard on July 1, 1980. On August 18, 1980, the court entered an order for maintenance and attorney's fees pendente lite, but then stated: "The Court makes no ruling on the question of custody of the two minor children herein at this time and the custody shall remain as is, pending further proceedings and custody study, until ultimate resolution of this matter."

On August 22, 1980, wife filed a petition in the St. Louis County Circuit Court for an ex parte order of protection under the Adult Abuse Act, §§ 455.010, RSMo Supp. 1980 *et seq.* (Cause No. 443424). This case was assigned to Division 40. An ex parte order was issued excluding husband from the house, except for purposes of carrying on his business, and granting custody of the two children to wife. The case was assigned for hearing on September 5, 1980 before the judge of Division 8 (respondent). At the beginning of the hearing, respondent asked that the file containing the dissolution of marriage case be brought over from Division 10 for examination. After hearing the evidence, respondent dismissed the adult abuse case and in his order concluded:

> The Court will enter the following order in the domestic relations cause No. 430998: that custody of the two minor children, Karen and Rodney, will be placed in the respondent Harold Duello. The Court will make a finding that for the physical and emotional well-being of the children and the needs thereof that it is inappropriate for all four parties to live in the same residence; that the Court will grant Mrs. Joaquin Duello three (3) days to remove herself from the premises located at 12520 Springdale, (sic) Missouri 63131. The Court has previously entered an order of support in the sum of $1100.00 per month for the said Joaquin Duello and this order, therefore, continues with no modification or change of that order.

This order cannot stand. The record reveals that the parties were before the judge of Division 8 for the sole purpose of a hearing on the adult abuse case. There was no notice to the parties of action to be taken by respondent in the dissolution of marriage proceeding. Without notice or consent, respondent was without jurisdiction to proceed with any phase of such proceeding. *See Vaughn v. Ripley,* 446 S.W.2d 475 (Mo.App.1969). Respondent contends that the issues in the two cases were almost the same and that wife consented to the court hearing both cases at the same time. Such action would have been proper with consent of the parties. We find nothing in the record before us showing either notice of action to be taken in the dissolution of marriage proceeding,

or consent to proceed on the part of the wife. Therefore, respondent exceeded his jurisdiction by entering an order, sua sponte, pertaining to the dissolution of marriage proceeding. Thus, mandamus lies. The alternative writ of mandamus heretofore issued is made peremptory, and respondent is directed to vacate that portion of his judgment entered on September 5, 1980, relating to Cause No. 430998.

CRIST, P. J., and SNYDER, J., concur.