Leona Mae BURKE, Appellant,

v.

Joy K. MOYER, Respondent.

No. WD31956.

Missouri Court of Appeals, Western District.

Aug. 4, 1981.

---

Paul R. Mudd, Independence, for appellant.

William L. Turner, Myron S. Silverman, Kansas City, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

An intersectional automobile collision resulted in this suit for damages by appellant Burke, the operator of one vehicle, against respondent Moyer, the other driver. After a jury verdict for Burke, the trial court, on the after-trial motion of Moyer, entered judgment for Moyer notwithstanding the verdict and, in the alternative, ordered a new trial should the judgment for Moyer be overturned. Burke appeals seeking reinstatement of the original result.

The accident occurred at midday on April 7, 1976, at the intersection of U.S. Highway 24 and North Cottage Street in Independence near the site of the Truman Library. Highway 24, a non-divided, four-lane, through route, running east and west to the south of the library, affords access to this memorial by four ramps and an underpass which permit both westbound and eastbound vehicles to exit from and re-enter upon the highway without crossing opposing traffic lanes. North Cottage intersects the highway immediately to the west of the ramps by which westbound motorists re-enter the highway and eastbound motorists exit. Cottage, however, only intrudes from the north, thus presenting a "T" configuration with the ramps joining at approximate angles of 45°.

The only traffic controls present at the intersection are a stop sign for vehicles approaching the highway southbound on Cottage and a yield sign for vehicles coming up the access ramp and entering the highway headed west. The accident here occurred when the Moyer car coming up the access ramp struck the right rear of the Burke car which had been eastbound on the highway and had turned left for the purpose of proceeding north on Cottage.

The details of the occurrence were virtually undisputed, the issue being which driver had the preferential right-of-way. The Burke car, eastbound on 24 Highway, stopped waiting for westbound traffic to

clear and then made a turn onto Cottage very nearly clearing the intersection before the collision. The Moyer car had proceeded up the ramp at moderate speed with the driver's attention apparently directed to westbound highway traffic with which she was to merge when the sudden appearance of the Burke car at the juncture of the ramp, the entry into Cottage and the highway, precluded effective evasive action. Both drivers were aware of the other vehicle well in advance of the collision, but each assumed the other would yield.

Burke's theory of liability was predicated in part on § 304.351.4(1)(b), RSMo 1978,[1] which states:

"The driver of a vehicle approaching a yield sign shall in obedience to the sign slow down to a speed reasonable to the exiting conditions and, if required for safety to stop, shall stop at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway. After slowing or stopping the driver shall yield the right-of-way to any vehicle in the intersection or approaching on another highway so closely as to constitute an immediate hazard during the time such traffic is moving across or within the intersection."

Because the evidence bearing on the movements and relative positions of the vehicles as well as the physical features present at the location was virtually undisputed, it is unnecessary to accord Burke any preferences or intendments to which the jury verdict would otherwise entitle her. Beyond doubt, the Moyer car neither slackened speed nor stopped in response to the ramp approach yield sign, the Burke vehicle was first to enter the intersection,[2] and some reduction in the speed of the Moyer car at the yield sign would have permitted the Burke car to clear the intersection without mishap.

■ While Burke did rely on a statutory duty for vehicle operation imposed on motorists by the yield sign, her cause was not submitted on a per se claim that violation of the yield sign was negligence. Rather, Burke's verdict directing and definition instructions left to the jury the decision of whether Moyer's vehicle was negligently driven.[3] Burke's instructions, here material, were as follows:

### Instruction No. 4

Your verdict must be for plaintiff if you believe: First, defendant failed to yield the right of way, and Second, defendant was thereby negligent, and Third, as a direct result of such negligence, plaintiff sustained damage, unless you believe plaintiff is not entitled to recover by reason of Instruction No. 6.

### Instruction No. 5

The phrase "yield the right of way" as used in Instruction No. 4 means a driver is required to yield at the yield sign if the other vehicle is within the intersection or is so close to the intersection that it is an immediate hazard.

Burke thus relied on § 304.351 to support a general definition of a motorist's duty under certain conditions to grant preference to other vehicles when a yield sign is present. She did not, however, employ the statute for purposes of appraising the adverse driver's fault, but instead left it to the jury to decide whether the failure of Moyer to slow or stop in response to the yield sign was negligent under the conditions at hand. The jury's guide in this determination was furnished by a standard instruction, MAI 11.02, defining negligence.

---

1. All statutory references are to RSMo 1978.

2. The area of an intersection embraces the paved space common to both highways. *Wilson v. Toliver*, 365 Mo. 640, 285 S.W.2d 575, 579 (1955).

3. Violation of a statute may be claimed to be negligence per se, in which event it is not necessary to submit to the jury the question of whether the facts of the event show defendant to have been negligent. *Condos v. Associated Transports, Inc.*, 453 S.W.2d 682, 686 (Mo.App. 1970). In those cases, instructions patterned after MAI 17.17 and 17.18 are appropriate.

Moyer's defense, presented in jury instructions which will be discussed subsequently, was twofold. She first contended that the yield sign at the subject intersection gave no preference to eastbound or oncoming traffic and that Burke could therefore claim no benefit of a right-of-way by reason of the sign. Secondly, Moyer asserted that left-turning vehicles are required to yield to approaching traffic as provided in § 304.351.3 and that Burke was therefore precluded from recovery by her failure to await passage of the Moyer car before making the turn. The judgment of the trial court expressly accepts these latter contentions and holds, as a matter of law, that Burke could make no case. It is this conclusion which Burke challenges in her first point on this appeal.

■ It is elementary that an act or omission of a motor vehicle operator is negligent only when the law casts some duty on the operator which the evidence shows the operator failed to perform. *George v. Wheeler*, 404 S.W.2d 426, 431 (Mo.App. 1966); *Vanacek v. St. Louis Public Service Co.*, 358 S.W.2d 808, 811 (Mo. banc 1962), *cert. denied*, 371 U.S. 920, 83 S.Ct. 287, 9 L.Ed.2d 229 (1962). A common law action for negligence may be based on allegation and proof that violation of a statutory duty constituted the negligent act of the defendant. *Gaffner v. Alexander*, 331 S.W.2d 622, 626 (Mo.1962). A submissible case is made when the plaintiff shows (1) a duty on the part of the defendant to protect the plaintiff from the injury of which he complains, (2) failure of the defendant to perform that duty, and (3) proximate causation of plaintiff's injury by defendant's failure to perform the duty. *Dix v. Motor Market, Inc.*, 540 S.W.2d 927, 932 (Mo.App.1976); *Nichols v. Blake*, 418 S.W.2d 188 (Mo.1967).

■ On appeal from an order of the trial court setting aside a jury verdict and entering judgment for the defendant, the reviewing court considers only the evidence most favorable to the plaintiff and the reasonable inferences to be drawn therefrom and disregards the defendant's evidence unless it aids the plaintiff's case.[4] *Bennett v. North Brighton Townhouses, Inc.*, 588 S.W.2d 100, 103 (Mo.App.1979). The case may not be taken from the jury unless there is no room for reasonable minds to differ on the proper disposition of the issues in the exercise of fair and impartial judgment. *Johnston v. Sel-Mor Garment Co.*, 571 S.W.2d 691, 693 (Mo.App.1978); *Gregory v. Robinson*, 338 S.W.2d 88, 91 (Mo. banc 1960). Where fairminded men would draw different conclusions from the facts, the question is not one of law but of fact for the jury to settle. *Ogden v. Toth*, 542 S.W.2d 17, 19 (Mo.App.1976).

■ In the present case, the duty imposed on Moyer by the yield sign derives from the statute which instructs drivers to slow or stop for the benefit of other vehicles in the intersection or closely approaching. There was here no doubt and there could indeed be no argument but that vehicles upon the ramp approaching 24 Highway and the intersection with Cottage Street were obligated by the sign to yield the right-of-way to some other traffic and that Moyer neither slowed nor stopped. Under the negligence submission framed in plaintiff's verdict directing instruction, it was for the jury to decide whether Moyer used the care of a very careful and prudent person when she did not slow or stop to yield the right-of-way to the Burke vehicle. Bearing on that decision were the relevant facts including the nature and location of traffic signs, the content of traffic regulation statutes and the relative positions and movements of the vehicles.

---

4. Moyer offered the testimony of one Henry, an employee of the Missouri Highway and Transportation Department, that the yield sign on the access ramp had not been erected as a control applicable to on-coming vehicles, but only to the merging of entry traffic with other cars going the same way. For purposes of this review, on the ground stated, this evidence is disregarded. More importantly, however, the evidence is incompetent because interpretation of the meaning of legislative enactments is not a subject for expert testimony. *State v. Morrow*, 535 S.W.2d 539, 540 (Mo.App.1976).

The order of the trial court setting aside the jury verdict and entering judgment for Moyer was couched in language indicating that Burke's cause was found deficient as a matter of law. That result could arguably be upheld were plaintiff's theory of recovery to have been predicated on per se liability attributable only to the violation of the yield sign. As noted above, however, the theory of submission was not one of per se liability but required the decision of the jury as to whether, in the exercise of care and prudence taking into account the physical features of the intersecting roadways and the positions of the vehicles, defendant Moyer should have observed the restriction of the yield sign and was negligent in not doing so. The issue was one of fact to be resolved by the jury. Despite apparent reliance by the trial court on an issue of law—the respective obligations of the vehicles to yield—the decision was dependent on a judgment of the facts, a determination exclusively within the province of the jury. The trial court erred in substituting its judgment for that of the jury on a question of fact and the entry of judgment for defendant Moyer must accordingly be set aside.

As a counterface of the primary liability question, Moyer observes that the order of the trial court also held that the jury verdict could not stand because Burke was contributorily negligent as a matter of law and could not recover even were a primary case of negligence made. The bar of contributory negligence, according to the order of the trial court, arose because the Burke vehicle failed to observe the statutory requirement that left-turning vehicles await clearance of oncoming traffic.

 If it be assumed that a contributory negligence defense was properly submitted, an unwarranted assumption as will hereafter be discussed, the judgment of the trial court suffers from the same infirmity on this account as did the conclusion that Burke made no submissible case. The issue of Burke's contributory negligence was also a question of fact for the jury. Unless the only reasonable conclusion from the facts is

that a plaintiff was negligent and such negligence was the proximate cause of her injury, the contributory negligence of the plaintiff is a fact issue for the jury to decide. *Mitchell v. Buchheit*, 559 S.W.2d 528, 530 (Mo. banc 1977). The single issue in this case was which driver had the right-of-way, Moyer whose movement in traffic was subject to whatever control the yield sign imposed under the existing conditions, or Burke who was making the left turn. Obviously, if it was negligent for Moyer not to yield, then Burke was entitled to proceed. The respective duties of the two drivers were interrelated, both presenting issues of fact for the jury.

The second point for disposition is the alternative order of the trial court granting Moyer a new trial on the contingency that the judgment notwithstanding the verdict be reversed. The order sustaining Moyer's motion in this respect reads in pertinent part as follows:

> "* * * that defendant's Motion for New Trial be and the same is hereby granted for the reason that the Court erred in giving Instructions No. 4 and 5 at plaintiff's request under all the facts in evidence in this case."

 Rule 78.03 requires that an order granting a new trial specify the grounds on which the new trial is granted. That rule is complemented by Rule 84.05(b) which establishes a presumption of error when the new trial order does not state the grounds. In that event, the burden is on the respondent to support the trial court's action. The purpose of the rules is to define and limit the issues on appeal, to conserve judicial and legal time and establish reasonable limits to the scope of judicial issues. *Hightower v. Hightower*, 590 S.W.2d 99, 103 (Mo.App.1979). An order for new trial which merely states as a ground that the error was in the giving of particular instructions without stating in what respects the instructions were erroneous does not comply with the rule and invokes the presumption that the motion was erroneously granted. *Newman v. St. Louis Public Service Co.*, 238 S.W.2d 43, 45 (Mo.

App.1951); *Chappell v. City of Springfield*, 423 S.W.2d 810 (Mo.1968).

Although neither party here raises the issue of this deficiency in the new trial order, each assumes a different basis for the order with the result that the briefs do not contest on common ground. Appellant Burke assumes the trial court found her instructions not to have been supported by the evidence. She therefore argues from the facts contending entitlement as the prevailing party to all favorable evidence and inferences. Respondent Moyer assumes that a new trial was ordered because the instructions incorrectly advised as to the law and she proceeds to argue the issue of per se negligence where a traffic control sign is violated. This latter contention plainly misses the mark because the plaintiff's instructions do not submit on per se negligence.

■ While failure of the trial court to identify the instruction error in the content of the new trial order would justify reversal on presumed error, recourse to this alternative is unnecessary. Discussion in the first point on this appeal, the award of judgment notwithstanding the verdict, embraced essentially the same proposition and resulted in the conclusion that the theory of Burke's case was one of general negligence. Plaintiff's instructions 4 and 5 correctly submitted the case on that theory and did not posit per se negligence as respondent assumes. The order for new trial was erroneous and must also be set aside.

In a separate point to which Burke has made no response, respondent Moyer contends that the order for a new trial was correctly made because instructions defining the phrase "yield the right-of-way" deviated from the MAI requirement that only one definition of a term be included. The origin of this contention lies not alone in plaintiff's instructions but in the combination of those instructions with instructions tendered by Moyer and given by the court as follows:

### Instruction No. 6

Your verdict must be for the defendant if you believe: First, plaintiff failed to yield the right-of-way, and Second, plaintiff was thereby negligent, and Third, such negligence of plaintiff directly caused or directly contributed to cause any damage plaintiff may have sustained.

### Instruction No. 7

The phrase "yield the right-of-way" as used in Instruction 6 means a driver attempting to make a left turn is required to yield when another vehicle is approaching from the opposite direction and is within the intersection or is so close to the intersection that it is an immediate hazard.

■ In Notes on Use (1978 New) following MAI 14.08, the following appears: "This definition is intended for use where both parties claim the other party failed to yield the right-of-way. * * * If both parties claim the other party failed to yield the right-of-way under some combination of definitions contained in Chapter 14.00, the appropriate definitions should be combined in a single definition instruction in a manner similar to this instruction." In the subject case, Burke's yield definition instruction was patterned after MAI 14.05 and Moyer's yield definition instruction followed MAI 14.04. Both definition instructions were separately given contrary to the admonition of the notes on use quoted above. So far as appears from the transcript, neither party tendered an instruction in the form of MAI 14.08.

■ While Moyer as respondent is entitled to urge that a new trial should have been granted on other grounds included in her motion but not accepted by the trial court, the burden of demonstrating the error is on respondent. *Ernst v. Emerick*, 525 S.W.2d 573, 575 (Mo.App.1975). Moyer's motion contended and she argues here that it was error to give the competing definition instructions 5 and 7 and that a combined instruction patterned after MAI 14.08 should have been substituted. As noted above, the two definition instructions should not have been given and the trial court erred in doing so.

The instruction error, however, is not now available to Moyer as a basis to sustain the new trial order. Instruction No. 7 was given by the trial court in the form tendered by Moyer and at no time prior to submission of the case did Moyer ever suggest that the definition instructions were erroneous nor did she tender an instruction in the form of MAI 14.08. A party cannot lead the court into error and then employ that error as a source of complaint. *Montana v. Nenert*, 226 S.W.2d 394, 401 (Mo. App.1950).

In accordance with the foregoing conclusions, the resultant disposition of the case is reinstatement of the verdict and judgment in favor of appellant Burke. Although not a subject of Burke's points on appeal nor addressed by Moyer in her argument, this result requires that mention be made of Moyer's motion, alternatively submitted to the trial court, seeking remittitur on account of excessiveness in the jury verdict. Moyer's contention was that the verdict was excessive by $4000.00. No ruling of the trial court was made on this motion.

When the trial court grants a new trial on a specified basis, that ruling is deemed to constitute an overruling of all other grounds asserted by the movant. *Smith v. Courter*, 531 S.W.2d 743, 747 (Mo. banc 1976). When the new trial is granted for a stated reason, the appellant need only show that reason to have been in error and other grounds will not be considered unless briefed and argued by the opposing party. *Hoehn v. Hampton*, 483 S.W.2d 403, 407 (Mo.App.1972).

The failure of the trial court here to rule expressly on the motion for remittitur results in that motion being deemed to have been overruled. No error in this respect is called to our attention by respondent Moyer and we therefore do not consider that issue but regard it as abandoned.

The judgment setting aside the judgment for appellant Burke and entering judgment for respondent Moyer and the alternative order granting a new trial are reversed and the cause is remanded with directions that the original judgment in favor of appellant Burke against respondent Moyer be reinstated.

All concur.