Kenneth COLE, Appellant,

v.

MISSOURI BOARD OF PROBATION AND PAROLE, et al., Respondent.

No. WD 53994.

Missouri Court of Appeals, Western District.

June 24, 1997.

Kenneth Cole, Jefferson City, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cassandra K. Dolgin, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and SPINDEN and SMART, JJ.

BERREY, Judge.

Appellant Kenneth Cole pled guilty to one count of second degree murder and one count of armed criminal action. He is presently incarcerated at the Central Missouri Correctional Center in Jefferson City and is serving a sentence of two concurrent terms of fifteen years imprisonment. On October 26, 1996, appellant filed a petition for declaratory judgment alleging that the Missouri Board of Probation and Parole (Board) abused its authority in denying him parole.[1] Thereafter, the Board filed a motion for summary judgment. On January 16, 1997, the circuit court granted the Board's motion and dismissed appellant's petition for declaratory judgment with prejudice. Citing to Section 217.690, RSMo 1994, the circuit court determined that the Board acted "well within" its discretion. The court further noted that appellant has neither a constitutional right to be released before his sentence expires nor a protected liberty interest in parole. *Fults v. Missouri Bd. of Probation and Parole,* 857 S.W.2d 388, 392 (Mo.App.1993); *Maggard v. Wyrick,* 800 F.2d 195, 198 (8th Cir.1986), *cert. denied* 479 U.S. 1068, 107 S.Ct. 958, 93 L.Ed.2d 1006 (1987).

In a single point, appellant contends the court erred in granting the Board's motion for summary judgment and in finding that he lacked a protected liberty interest in parole.

Appellant claims that he satisfied all of the criteria for parole under the Missouri Code of State Regulations and, as a result, has a "justifiable expectation" of being released. Affirmed.

Appellate review from summary judgments is essentially *de novo. ITT Commercial Finance Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 377 (Mo. banc 1993). We review the record in the light most favorable to the party against whom judgment was entered. *Id.*

The Board denied appellant parole on June 21, 1996, for the following reason:

Because you had been convicted of Murder Second Degree and Armed Criminal Action following the shooting of another individual, the Board believes that your release at this time would depreciate the seriousness of the offense committed and/or promote disrespect for the law. Therefore, the Board in its discretion has determined to go outside the guidelines and schedule for another personal hearing in June 1998.

The Board's reasoning is valid. See 14 CSR 80–2.010(9)(A)(1). The regulations also provide that the Board "reserves the right to consider total offense behavior as an aggravating factor in decisions reached above the guidelines." 14 CSR 80–2.020(1)(D). Contrary to appellant's assertion that the Board has "limited" discretion, section 217.690 gives the Board "almost unlimited discretion." *State ex rel. Cavallaro v. Groose,* 908 S.W.2d 133, 135 (Mo. banc 1995) quoting *Ingrassia v. Purkett,* 985 F.2d 987, 988 (8th Cir.1993). This statute provides:

When in its opinion there is reasonable probability that an offender of a correctional center can be released without detriment to the community or to himself, the board *may in its discretion* release or parole such person except as otherwise prohibited by law. All paroles shall issue under upon order of the board, duly adopted.

Section 217.690.1. (emphasis added). Due to its discretionary language, section 217.690

---

1. In his petition, appellant initially named the Board and Paul Herman, the "Chief State Supervisor," as respondents. The Board is the only properly named party respondent.

does not create a liberty interest protected by due process. *Cavallaro*, 908 S.W.2d at 135. An inmate who has committed a parolable offense thus has no justifiable expectation of release. *Id.*

With the foregoing principles in mind, appellant's contention that the Board improperly exercised its discretion is without merit. Appellant raises two additional issues: 1) "How many times can the [Board] use the same reasoning to deny an inmate parole release ... ?"; and 2) "What part does the Code of State Regulations play in the [Board] deriving at a decision to grant or deny parole?" These issues do not appear in appellant's point relied on and we will not consider them. Rule 84.04.

Affirmed.

All concur.