**Don and Joan LENEVE, Plaintiffs–Appellants,**

v.

**Leo G. WILHELM, formerly d/b/a Wilhelm Asphalt Co., Inc., a dissolved corporation, Defendant–Respondent.**

No. 22876.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 7, 2000.

---

Harold L. Caskey, Debra A. Hopkins, The Casey Law Firm, Butler, for appellants.

Steven H. Kaderly, Kaderly & Kaderly, Lamar, for respondent.

JOHN E. PARRISH, Judge.

Don LeNeve and Joan LeNeve (plaintiffs) were awarded judgment against Leo Wilhelm (defendant) in an action tried before the court without a jury. Defendant filed a motion for new trial that the trial court granted without stating a reason for its action. Plaintiffs appeal the order granting a new trial. This court reverses that order and remands.

Plaintiffs brought an action to recover damages resulting from faulty asphalt work done at plaintiffs' property. Defendant had done work at plaintiffs' property in 1984. He came to plaintiffs' property after plaintiffs expressed a desire to have the old blacktop redone. Defendant told plaintiffs the work needed to be redone and quoted them a price. After the work was completed, plaintiffs paid $4,110 by check payable to the order of defendant.

The asphalt began to deteriorate four to six months after it had been laid. It began cracking and the edges broke off. The trial court found the issues in favor of plaintiffs and entered judgment for them against defendant in the amount of $4,110 with interest from the date of filing of plaintiffs' action.

Defendant filed a motion denominated "Motion to Set Aside Judgment Entry, to Dismiss Defendant Leo Wilhelm as a Party, or in the Alternative, for a New Trial." The trial court heard the motion February 5, 1999, and took it under advisement. On February 19, 1999, the trial court entered an order by means of a docket entry

granting the motion for new trial. The order granting a new trial did not specify the ground or grounds on which it was granted.

■ Plaintiffs are the appellants in the proceeding before this court. They did not serve a statement on defendant, as respondent, requesting him to file the original brief as permitted by Rule 84.05(c). However, defendant did so anyway. The burden of supporting the trial court's order granting a new trial is on defendant. *Burke v. Moyer*, 621 S.W.2d 75, 80 (Mo. App.1981). *See also* Rule 84.05(c).

Rule 78.03 requires that orders granting a new trial specify the ground or grounds therefor. Rule 84.05(c) presumes that the motion for new trial has been erroneously granted when the ground or grounds on which it was granted were not specified. Rule 84.05(d) provides that it shall not be presumed that a new trial was granted on discretionary grounds if a trial court does not so specify.

■ Defendant's sole point on appeal is:

> The trial court did not err in sustaining [defendant's] motion for new trial because [defendant] was named as a party to this action in his capacity as an individual, not as a corporation, and the evidence at trial clearly proved that [defendant] operated an asphalt business as a corporation, thus the trial court lacked jurisdiction over [defendant].

Its gist is that the trial court's judgment was against the weight of the evidence. That is the only issue raised in defendant's point relied on. Issues not presented in a point relied on are not considered on appeal. *Cole v. Mo. Board of Probation and Parole*, 947 S.W.2d 124, 126 (Mo.App. 1997); *Steward v. Goetz*, 945 S.W.2d 520, 528 (Mo.App.1997). A judgment being against the weight of the evidence is a discretionary ground for granting a new trial. *Vaughn v. Ripley*, 446 S.W.2d 475 (Mo.App.1969), explains:

> The presumption must be ... that the new trial was erroneously granted and the burden of supporting the court's action is placed upon the respondent. [Citations omitted.] As the order did not specify any discretionary ground either, we may not regard it as having been based on one.

*Id.* at 479. Defendant's point presents nothing for appellate review. It is denied.

The order granting a new trial is reversed. The case is remanded. The trial court is directed to reinstate the judgment previously rendered.

CROW, P.J., concurs.

SHRUM, J., concurs in result.