**Joseph S. BLACKBURN, Appellant,**

v.

**MISSOURI BOARD OF PROBATION & PAROLE, Respondent.**

No. WD 60424.

Missouri Court of Appeals,
Western District.

Submitted April 10, 2002.

Decided June 11, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 25, 2002.

Application for Transfer Denied
Sept. 24, 2002.

Joseph S. Blackburn, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for Respondent.

Before PATRICIA BRECKENRIDGE, P.J., HAROLD L. LOWENSTEIN, and JAMES M. SMART, JR., JJ.

PER CURIAM.

In this *pro se* appeal, Blackburn contests the trial court's dismissal of his petition for declaratory judgment seeking injunctive

relief against the Missouri Board of Probation and Parole. The court dismissed the petition for failure to state a claim upon which relief can be granted. We affirm.

### Factual and Procedural Background

Blackburn is currently serving consecutive sentences of thirteen years and seven years in the Missouri Department of Corrections. In October of 2000, the Board of Probation and Parole ("Board") informed Blackburn that he had been given parole consideration at a parole hearing held on the first day of that month, and that the Board's decision was to schedule a reconsideration hearing in October of 2005. Blackburn complains that he was not given a written reason why he was denied parole release. He also complains that he was not told how the "Salient Factor Chart" guidelines were applied to his case, nor why his next parole hearing was not scheduled until 2005. Blackburn notes that the proper date for review would have been twenty-four months in the future. He states that all of the foregoing were in violation of the Board's own rules and regulations.

Blackburn filed a petition in Cole County Circuit Court for declaratory judgment seeking injunctive relief, claiming that the Board had failed to follow its own rules and regulations in making the decision as to Blackburn's parole release status, in failing to provide him with a written statement as to why he was denied parole release, and in failing to explain why the "guideline" rules and regulation were not being followed. Blackburn claimed in his petition that the Board had so grossly abused their discretion that it amounted to a violation of Blackburn's constitutional rights to Due Process and Equal Protection.

After several procedural roadblocks, Blackburn finally perfected his appeal, and now brings his appeal before this court.

### Standard of Review

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the following standard of review applies:

> A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.

*Bosch v. St. Louis Healthcare Network*, 41 S.W.3d 462, 463–64 (Mo. banc 2001).

### Abuse of Discretion Claim

Blackburn contends that the trial court erred in dismissing his petition for declaratory judgment in that it failed to follow precedent indicating that a legitimate abuse of discretion claim can be brought against a parole board when it fails to follow its own rules and regulations.

Blackburn's petition averred that the Board's action in failing to follow its own rules and regulations in its determination of Blackburn's parole release status amounted to a "gross abuse of discretion." Blackburn asserts that this very claim was recognized by the United States Supreme Court in *Garner v. Jones*, 529 U.S. 244, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000), which states that upon a showing the parole board engaged in a "gross abuse of discretion," a prisoner can challenge a pa-

role denial in the Georgia courts. That decision, however, appears to be specific to Georgia laws, which required the board in that case to consider life-sentence inmates for parole after seven years.

Blackburn relies also upon the case of *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954), which he contends stands for the proposition that when an administrative body fails to follow its own rules and regulations in making a determination *which will affect an individual's rights*, then a legitimate abuse of discretion claim can be raised in court challenging that decision.[1] Blackburn's reliance upon the *Accardi* case, however, is misplaced because the Board's failure to follow its own rules and regulations, in this case, does not implicate any fundamental rights. As stated in *Gettings*, there is no right to parole in Missouri, because there is no liberty interest implicated. *Gettings v. Mo. Dep't of Corrections*, 950 S.W.2d 7, 8–9 (Mo.App. 1997); see also *Cole v. Mo. Bd. of Probation and Parole*, 947 S.W.2d 124, 125 (Mo. App.1997). To determine that a liberty interest has been created it must be shown that the deprivation is so egregious as to invoke the Due Process clause or is such that it "imposes atypical and significant hardship on the inmate in relation to the

ordinary incidents of prison life." *Goforth v. Mo. Dep't of Corrections*, 62 S.W.3d 566, 569 (Mo.App.2001). Because there is no liberty interest implicated in being denied parole, it follows that there can be no liberty interest implicated in the failure of the Parole Board to follow its own rules and regulations in making parole release decisions. Similarly, the Due Process Clause is not implicated by the failure of the Board to follow its own rules and regulations.[2] No liberty interest or due process violation is implicated in this case. Thus, the circuit court was correct in dismissing the petition for failure to state a claim upon which relief could be granted, because Blackburn failed to allege any facts that, if true, would entitle him to relief.

The Board is accorded great discretion in making its parole release determinations. See *Cole*, 947 S.W.2d at 125 (stating that § 217.690 gives the Board "almost unlimited discretion"); and *Gettings*, 950 S.W.2d at 9 (stating that the regulations are simply intended to provide guidelines, and do not remove the Board's discretion). In *Fults v. Missouri Board of Probation and Parole*, 857 S.W.2d 388, 391 (Mo.App. 1993) the court stated that the "General Assembly has granted the Board extensive discretion in making parole decisions," and

---

1. In *Accardi,* the Court admonished the board of immigration appeals for "failing to exercise its own discretion contrary to existing valid regulations" and for allowing the attorney general to dictate the decisions of the board. Here, the appellant is arguing that the Board's exercise of its discretion with regard to its own rules and regulations was in error.

2. In discussing the *Accardi* line of cases, it has been observed:

   These early cases are not authority for the general proposition that due process requires an agency to follow every one of its own rules. * * * In fact, the Supreme Court has regularly refused even to hold that a governmental violation of a statute is

a per se violation of due process. Instead, the Court searches the particular statute for a constitutionally protected interest, emphasizing that the question "whether ... [a] state statute provides a protectible entitlement must be decided on a case-by-case basis" in view of each statute's "unique structure and language." A fortiori, agency violation of a legislative regulation does not per se offend due process; the offense arises only when the regulation reflects a preexisting or creates a new constitutionally protected entitlement.

   Peter Raven–Hansen, *Regulatory Estoppel: When Agencies Break Their Own "Laws"*, 64 Tex. L.Rev. 1,*11 (1985).

that the provisions of § 217.690.1 "reflect virtually absolute delegation of parole determinations to the Board." That statute provides:

> When in its opinion there is reasonable probability that an offender of a correctional center can be released without detriment to the community or to himself, the board *may in its discretion* release or parole such person except as otherwise prohibited by law. All paroles shall issue upon order of the board, duly adopted.

Section 217.690.1, RSMo [emphasis added].

The *Fults* court observed that the Board's parole guidelines are not laws, and that under Missouri statutes and guidelines, parole remains a discretionary decision, stating:

> Our General Assembly conferred on the Board virtually limitless discretion in making parole determinations, and authorized the Board to promulgate and amend guidelines. The Board retains authority to modify its guidelines, and discretion to make release decisions outside the guidelines. The Board reserves its right to exercise its discretion in determining parole eligibility. The Board's guidelines do not set mandatory standards, but clarify the Board's exercise of discretion. The guidelines provide a flexible framework for the Board's exercise of its discretion.

*Fults,* 857 S.W.2d at 392.

### Conclusion

The Board is vested with wide discretion in making parole release decisions and in adopting, implementing, and following its own rules and regulations. For that reason, the defendant's petition for declaratory judgment against the Board based on the claim that it has abused that discretion was properly dismissed by the circuit court.

We affirm the judgment of the trial court dismissing the petition.